SAMUEL, Judge.
This is a suit to annul a tax sale of two lots in the City of New Orleans on the ground that no notice of delinquency or of intention to sell had ever been served or mailed as required by law. Plaintiffs are the successors in title of the original tax debtors.
The lots were sold to Zor, Inc. on October 30, 1958 for delinquent 1957 city taxes. The notarial act evidencing the tax sale was registered on November 3, 1958. This suit was filed, against Zor, Inc. only, on October 23, 1963. No notice of lis pendens was recorded. Service of citation was not immediately made on the defendant due to the fact that its agent for service of process had died; a service of citation, without legal effect, was made on Warren Doll, whose only connection with Zor was that of principal stockholder, on October 24, 1963. On November 15, 1963 the lots were transferred from Zor, Inc. to Warren Doll and the sale evidencing that transfer was registered on November 15, 1963. On November 26, 1963 Zor, Inc. was served with citation through the Secretary of State. Various exceptions were filed and on January 3, 1964 Warren Doll was joined as a party defendant by supplemental and amended petition and subsequently he was duly cited.
There was judgment in the trial court in favor of the plaintiffs dismissing the exceptions and decreeing the tax sale a nullity. The defendants have appealed therefrom. In this court, in addition to the merits, defendants urge and argue only prescription, one of the exceptions filed in the trial court.
Defendants’ contention as to prescription is based on the argument that the prescriptive period of five years to annul a tax sale under Article 10, Section 11 of the Constitution of Louisiana, LSA, can be interrupted only by service of citation on the defendant as provided by LSA-Civil Code Art. 3518 and, such service in the instant case *917 having been made after the lapse of the five year period from the date of registration, this action to annul is prescribed.
The answer to the argument is twofold. Even if LSA-Civil Code Art. 3518 were applicable, it would avail the defendants nothing. For under that article, as amended by Act 532 of 1954, prescription is interrupted by the filing of suit and the service of citation within the prescriptive period when the suit has not been brought in a court of competent jurisdiction. When the suit has been brought in a court of competent jurisdiction within the prescriptive period, prescription is interrupted by the mere filing of the suit under LSA-R.S. 9:5801 (Act 39 of 1932). Knight v. Louisiana Power and Light Company, La.App., 160 So.2d 832; Hidalgo v. Dupuy, La.App., 122 So.2d 639; Babers v. Jolly, La.App., 107 So.2d 81; Flowers v. Pugh, La.App., 51 So.2d 136. This suit was brought, not only in a court of competent jurisiction, but in the proper court having actual jurisdiction.
However, neither LSA-Civil Code Art. 3518 nor LSA-R.S. 9:5801 is applicable here. The applicable law is the constitutional provision itself, Art. 10, § 11, the pertinent part of which reads as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the ■date of the recordation of the tax deed, if no notice is given.” (Emphasis ours). LSA-Const. Art. 10, § 11.
The quoted constitutional provision clearly states that the so-called prescription by which tax titles are quieted (more appropriately it is a statute of repose, or peremption, rather than prescription) is interrupted by the institution of the suit to annul within five years from the date of the registration of the tax deed. A proceeding to annul is instituted when the suit is filed and, insofar as the same applies here since this suit was filed in the proper court, it is the mere filing of a suit to annul a tax sale, and not the service of citation, which interrupts the peremption. Winsor v. Taylor, on rehearing, 167 La. 169, 118 So. 876; Recker v. Dupuy, 161 La. 392, 108 So. 782; see Resweber v. Jacob, La.App., 125 So.2d 241.
In the instant case suit was filed in the proper court and against the then only possible defendant (the transfer by Zor, Inc., the purchaser at the tax sale, to Warren Doll was not made until November 15, 1963) on October 23, 1963, less than five years after the date, November 3, 1958, on which the tax sale was registered. Such filing effectively interrupted the running of the five year peremption of Art. 10, § 11 of the Constitution.
Addressing ourselves to the merits, the first sentence of Article 10, § 11 of the Constitution provides for advertisement and sale of property for unpaid taxes only “ * * * after giving notice to the delinquent in the manner provided by law, * * *.” LSA-R.S. 47:2180 provides that on the second day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all of the taxes assessed to him on immovable property, or to the record or actual owner of the property for which the taxes are delinquent, written or printed notice that the taxes must be paid within twenty days after the service or mailing of the notice or the property will be sold according to law. In New Orleans the tax collector may either send the notice by registered or certified mail or make personal or domiciliary service thereof. LSA-R.S. 47:2180 also provides that in the case of unknown owners and of nonresident owners whose post office address is un *918 known the required notice of delinquency shall be given by publication in a newspaper. LSA-R.S. 47:2181 provides, in part, that after the expiration of twenty days counting from the day when the last of the notices is mailed, published or posted or as soon thereafter as practicable, the tax collector shall proceed to advertise for sale the property on which the delinquent taxes are due.
If the tax debtor proves that the delinquency notice was not given as required by the statute and his attack is made within the peremptive period, the tax deed will be set aside. Hoyle v. Southern Athletic Club, 48 La.Ann. 879, 19 So. 937; Sanders v. Abbitt, La.App., 29 So.2d 718; Gibbs v. Roos, La.App., 178 So. 674. And the recitals of the tax deed are controlling in the matter of notice of delinquency. If such recitals set forth that a written or printed notice was given the tax debtor or the record or actual owner by registered or certified mail, or by personal or domiciliary service, and no such notice was given, the tax sale is null even if substituted notice actually had been given by publication in a newspaper as in the case of an unknown owner, or nonresident owner whose post office address is unknown, under the pertinent provision of LSA-R.S. 47:2180; the declaration of the tax deed cannot be controverted by the defendant and a different mode of notifying the tax debtor shown than that declared in the deed. Robertson v. Polmer, La.App., 112 So.2d 735.
All of the material evidence in the instant case is uncontradicted. The tax deed recites that the required notice of delinquency had been served by a written or printed notice “ * * * by personal or domiciliary service or by registered mail * * * ” The owner of the property from 1953 until after the date of the tax sale testified that she had never been served with, nor had she ever received, a notice of delinquency during the period in which that notice would have been served or mailed, although at that time she had a mailing address in Clialmette, Louisiana. A representative of Mr. E. J. Robichaux, Chief of the Bureau-of the Treasury of the City of New Orleans, testified that no notice of delinquency was served on or mailed to anyone but that the property had been advertised and sold' after newspaper publications addressed to unknown owners under the pertinent provisions of LSA-R.S. 47:2180.
This case therefore comes directly under the rule set forth in Robertson v. Polmer,. supra, and the tax sale herein attacked is. null.
The judgment appealed from is affirmed-
Affirmed.