225 So.2d 385 (1969)
Carl W. JACKSON, Plaintiff and Appellee,
v.
Dr. George J. HANNIE, Defendant and Appellant.
No. 2762.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1969.
On Motion to Dismiss June 30, 1969.
Rehearing Denied August 7, 1969.
James L. Babin, Lake Charles, for defendant-appellant.
Bass & Lawes, by Joseph Bass, Lake Charles, for plaintiff-appellee.
Before SAVOY, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
The issue presented by this appeal is the validity of a judgment where an ordinary *386 proceedings was assigned for trial before an answer was filed, in violation of LSA-C.C.P. Article 1571.
The sequence of events is as follows:
1) July 7, 1966, the plaintiff, Carl W. Jackson, filed this suit against Dr. George J. Hannie, for a realtor's commission of $3,450.
2) September 7, 1966, a peremptory exception of no right or cause of action was filed on behalf of the defendant by John Sheldon Toomer, attorney at law.
3) February 27, 1967, plaintiff filed a motion for a hearing on the exceptions.
4) May 14, 1967, the exceptions were heard and overruled and the defendant was ordered to answer. About this same date, defense counsel, Mr. Toomer, presented an answer and reconventional demand to the district judge, who signed the usual order. Defense counsel mailed a copy to plaintiff's attorney but for some reason, which is not shown by the record, did not file these pleadings with the clerk of court.
5) The first assigned trial date was April 4, 1968. This assignment was continued and the case refixed for trial on February 26, 1969. Defense counsel Mr. Toomer, received from the clerk of court a notice, dated June 19, 1968, that the case was fixed for trial on February 26, 1969.
6) On January 15, 1969, Mr. Toomer requested and was authorized by the court to withdraw as counsel of record for the defendant.
7) On February 26, 1969, the case was called for hearing, evidence was adduced on behalf of the plaintiff in open court and judgment was rendered as prayed for. Neither the defendant nor his counsel was present at this hearing. Also on February 26, 1969, the answer and reconventional demand, which had been prepared by Mr. Toomer and a copy mailed to counsel for plaintiff in May of 1967, was filed with the clerk of court. The record does not show who filed it or whether it was filed before or after the trial.
8) On February 27, 1969, judgment was read and signed in open court and notice of judgment mailed to the defendant, Dr. George J. Hannie.
9) On March 3, 1969, a motion for new trial was filed on behalf of defendant by his new counsel, Mr. James L. Babin, on the grounds that the case was assigned for trial before an answer was filed.
10) On March 11, 1969, the motion for new trial was denied. Defendant then took this appeal.
Applicable here are the following articles of our Louisiana Code of Civil Procedure:
"Art. 1571. Assignment by court rule
"The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
"(1) Require adequate notice of trial to all parties; and
"(2) Prescribe the order of preference in accordance with law.
"These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed."
"Art. 253. Pleadings, documents, and exhibits to be filed with clerk
"All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the *387 record, or in the files of his office, as required by law."
The statement of facts set out above shows clearly that this ordinary proceedings was assigned for trial prior to answer being filed, in violation of Article 1571 quoted above. Nevertheless, the trial judge, in denying the motion for a new trial, reasoned as follows: Both defendant and his then counsel, Mr. Toomer, knew the case was assigned for trial on February 26, 1969. Toomer formally withdrew from the case 40 days prior to this trial date, which gave defendant ample time to obtain another counsel. The trial judge personally tried to contract defendant by telephone the day before the trial and talked to defendant's secretary but was unable to reach defendant. The trial judge did talk to Mr. Toomer the morning of the trial and understood that Mr. Toomer was going to appear and ask for a continuance. However, no appearance was made at the trial by defendant or his counsel. In summary, everything was done which could be done to protect defendant's right to notice of the trial and afford him an opportunity to appear. Hence, there was substantial compliance with LSA-CCP Article 1571.
In our view, LSA-CCP Article 1571, by the use of the word "shall", makes it mandatory that the answer be filed before an ordinary proceedings is assigned for trial, LSA-RS 1:3. Hence the judgment is null.
Federal Rule 40 gives the Federal District Courts much discretion to provide by rule for the assignment of cases for trial, without a requirement that answer be filed prior to the fixing. Our legislature did not adopt the Federal Rule. LSA-CCP Article 1571 allows our district courts to provide by rule for the assignment of cases, but restricts this rule making power so as to require that answer be filed before the case is fixed for trial. Some of the reasons for such a requirement are clarity, certainty and uniformity throughout the district courts of the state.
The source of LSA-CCP Article 1571 is Code of Practice Article 463 which provided in pertinent part: "As soon as the answer has been filed in a suit, the clerk shall set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial in a manner prescribed by special laws, and the rules of respective courts * * *." Thus, it is seen that the Code of Practice Article did not use the word "shall" nor other express language making the requirement at issue here mandatory. Nevertheless, two cases so construed the Code of Practice Article. In Coltraro v. Lotuso, 147 La. 150, 84 So. 528 (1920) a motion for a continuance was made on the grounds that the case was fixed for trial before an answer was filed. In annulling the judgment, our Supreme Court said: "It appears to be a fact that no answer had been filed in the proceeding, and the ruling of the court was in error. Issue had not been joined, and the suit was not ready for trial."
In Bentley v. Barrett, La.App., 146 So. 349 (2nd Cir.1933) a motion for a continuance was filed on the grounds that no answer was filed prior to assignment of the case for trial. The appellate court annulled the judgment, stating:
"(3) The fixing of this case for trial on April 18, 1932, at 2 p. m., was error, and the motion for continuance on this ground should have been sustained, the fixing upset and refixed for a later date.
"(4) The general rule that the granting or disallowing a continuance is in the sound discretion of the trial judge is not applicable to a case of this kind, where the fixing of the case for trial was before issue had been joined, and therefore illegal."
In the present case, we hold that the judgment appealed is null and void because this is an ordinary proceeding which was assigned for trial before an answer was filed, in violation of the mandatory requirements of LSA-CCP Article 1571, and because this irregularity was not waived. *388 See Ducote v. Ducote, 183 La. 886, 165 So. 133 (1936).
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
Reversed and remanded.

ON MOTION TO DISMISS THE SUSPENSIVE APPEAL
After this case was orally argued here on June 11, 1969, plaintiff filed a motion on June 12, 1969 to dismiss defendant's suspensive appeal, on the grounds that it was not perfected within 15 days as required by LSA-CCP Article 2123.
The record shows that the judgment appealed was signed on February 27, 1969. A motion for a new trial was timely filed on March 3, 1969. The motion was heard and denied on Tuesday, March 11, 1969, without being taken under advisement.
On March 18, 1969, an order was signed granting defendant a suspensive appeal. No devolutive appeal was requested. A bond for the suspensive appeal was filed on March 27, 1969.
Under LSA-CCP Articles 2123 and 5059 the 15-day delay for perfecting a suspensive appeal commenced on March 12, 1969, the day after the motion for a new trial was denied, and terminated on March 26, 1969. The bond was not filed until March 27, 1969. The suspensive appeal was not timely perfected and must be dismissed.
Nevertheless, we will entertain the appeal as devolutive. Our jurisprudence under LSA-CCP Article 2123 is established that where a suspensive appeal is dismissed as not timely perfected, it will be considered by the court as a devolutive appeal. This is true notwithstanding the fact that the motion and order failed to include any mention of a devolutive appeal. See Levingston Supply Company, Inc. v. American Employers Insurance Company, La.App., 216 So.2d 158 (1st Cir.1958) and the authorities cited therein.
For the reasons assigned, the suspensive appeal is dismissed but the appeal is entertained as devolutive.
Suspensive appeal dismissed, but appeal entertained as devolutive.
En Banc.
PER CURIAM.

On Application for Rehearing.
The plaintiff-appellee points out that we correctly dismissed as untimely the suspensive appeal taken in this matter, but that our action in entertaining it as devolutive (where no devolutive appeal bond was fixed) is in conflict with our decision in Dupre v. Hartford Accident & Indemnity Company, La.App.3rd Cir., 197 So.2d 119. A majority there reluctantly followed what it deemed to be controlling Supreme Court jurisprudence to the effect that an appeal must be dismissed as devolutive if there is no trial court order, as required by statute, fixing the specific amount of the bond.
Upon consideration of the authorities relied upon in our original opinion herein and in the Dupre dissent, we now expressly overrule this latter decision. The bond filed for the suspensive appeal was obviously more than sufficient to secure the payment of costs, the requirement of a devolutive appeal bond. LSA-CCP Art. 2124. The appeal should not be dismissed for any insufficiency or deficiency unless the opponent has first been afforded an opportunity to furnish a valid bond. LSA-CCP Art. 5125.
Our original opinion adequately disposes of all other contentions raised by the plaintiff-appellee's application for rehearing.
We therefore deny such application.
Application for rehearing denied.