FRUGÉ, Judge.
This is a suit to annul and set aside a tax sale. Plaintiff was, at the time of the tax sale in question, the record owner of an undivided interest in the property adjudicated. Defendants (except E. F. Lewis) are the adjudicatees. Lewis had purchased an interest from one of the original adjudicatees.
Defendants filed an exception of prescription. This was the only responsive pleading filed by the defendants. Following a hearing on the exception of prescription, the judge asked for briefs and took the exception under advisement. He later rendered a written opinion on the exception, and then about a month later signed the judgment on the merits. The judgment set aside the tax sale, but only as to the one-third interest claimed by the plaintiff, Mrs. Ellis. Plaintiff appealed because the judgment expressly stated that the tax sale was not set aside insofar as the remaining two-thirds interest was concerned.
Plaintiff-appellant seeks to have the judgment of the District Court reversed and annulled on the ground that the trial judge erred in entering a final judgment in this cause, prior to the filing of an answer and without providing a trial on the merits as required by LSA-C.C.P. Article 1571. In the alternative, appellant argues that the trial judge erred in setting aside only part of the tax sale in question and argues that Mrs. Ellis, as the owner of an undivided interest in the property sold, has a sufficient interest to have the entire sale annulled.
The trial judge stated in his reasons for judgment:
“This case fits the following syllabus quotation: ‘If the tax debtor proves that delinquency notice was not given as required by statute, and his attack is made within preemptive period, tax deed will be set aside.’ LSA-Const. Art. 10; LSA-R.S. 47:2180, 47:2181. Lipps vs. *174 ZOR Incorporated [La.App.], 170 So.2d 915, syllabus 7, at page 916.”
The judgment itself recites that “this case duly came on for trial on the 29th day of May, 1969.” This statement in the judgment of the trial court that this case duly came for trial on the 29th day of May is not correct and is contradicted by the record itself. There is no doubt that the case was never set for trial and that a final judgment was rendered on the merits following a hearing on the exception of prescription. The plaintiff, who was the prevailing party in the lower court, objects to the procedure employed below, which in effect denied the plaintiff the right to a trial on the merits.
The plaintiff’s complaint is that since the trial court simply overruled the exception of prescription and granted judgment in favor of the plaintiff, that the court effectively denied the plaintiff the right to put on evidence to show that Mrs. Ellis had a sufficient interest in the cause to have the entire tax sale annulled and not only the part relating to her undivided one-third interest. Plaintiff suggests, for example, that one of the other co-owners of the property at the time of the tax sale was plaintiff’s husband.
In Lipps v. ZOR Incorporated, 170 So.2d 915 (La.App. 4th Cir., 1965), it appears that the trial court entered judgment in favor of the plaintiff annulling a tax sale after a hearing on the exception of prescription without providing an actual trial on the merits. In that case, the defendant appealed, and without discussing the procedure involved, the Court of Appeal affirmed the trial court’s judgment.
In Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir., 1969) it was held that Article 1571 of the Code of Civil Procedure, which requires that an answer must be filed in an ordinary proceeding before the case may be set for trial and a final judgment entered on the merits, is mandatory. Any judgment entered in contravention of the provision is null and void.
In the instant case no answer was filed before the rendition of the final judgment and the case was never set for trial on the merits.
The trial judge was apparently unaware that no trial on the merits had been provided herein at the time that he signed the judgment disposing of the cause on the merits. Thus, we are of the opinion that the trial court was without authority to enter a final judgment on the merits in the instant case. Nothing had occurred which would waive the mandatory provisions of Article 1571 of the Code of Civil Procedure.
Since the plaintiff’s petition sought to have the entire tax sale annulled, and at least inferentially claimed that the plaintiff was the proper party to bring suit to have the entire tax sale annulled because of her interest herein, we think the plaintiff was entitled to have that claim answered by the defendants, and to have a full hearing with the opportunity to present evidence and prove that which was claimed in the petition. As far as we can determine, no party involved in the instant suit has done anything which would abrogate the necessity for the observance of the usual procedural requirements including the filing of an answer by the defendants, and the scheduling and completion of a trial on the merits.
Thus, since there appear to be substantial issues which have not been adjudicated and since we find no authority for the type of summary procedure used in the instant case, we are of the opinion that the judgment of the trial court ought to be reversed and the case remanded for a trial on the merits.
Since we have reached the conclusion that the judgment complained of is null and void for the lack of the observance of proper procedural requirements, we express no opinion on the question of whether or not the plaintiff has a sufficient interest to have the entire tax sale annulled. The record does not contain sufficient evi *175 dence to make a determination of that question.
For the foregoing reasons, the judgment of the trial court is annulled and reversed, and the case is remanded to the District Court for a trial on the merits. All costs of this appeal to be paid by the defendants-appellees.
Reversed and remanded.