AYRES, Judge.
Plaintiff, The Aetna Casualty and Surety Company, having paid its assured damages under the uninsured motorists provisions of its policy, was subrogated to the assured’s rights against the defendants, its assured’s alleged tort-feasors. As subro-gee of those rights, plaintiff instituted this action for reimbursement of the damages paid. From a judgment in plaintiff’s favor, defendants appealed.
In this court, plaintiff has moved for a dismissal of defendants’ appeal for the reason that the appeal was not perfected by the timely filing of an appeal bond.
The judgment appealed was signed June 21, 1972. Notice of the judgment was mailed to defendants’ attorney on June 22, 1972. No application for a new trial was filed. On September 19, 1972, defendants were granted orders of devolutive appeal made returnable on November 13, 1972. However, the appeal bond was not filed until November 9, 1972, more than four months after the judgment was signed. Therefore, the devolutive appeal was not perfected inasmuch as the appeal bond was not timely filed in accordance with the provisions of LSA-C.C.P. Arts. 1913, 1974, and 2087. As a consequence, this court never acquired jurisdiction of the subject matter of the appeal.
Furthermore, defendants neither appeared nor filed a brief in this court on the date the cause was scheduled for argument and submission. Under these facts, the court must consider the appeal as having been abandoned. See Uniform Rules of the Courts of Appeal, Rule VII, Section *795 5(b), 8 LSA-R.S.1971 pocket part; Fields v. City of Monroe, 265 So.2d 679 (La.App., 2d Cir. 1972).
The motion is accordingly sustained and the appeal is dismissed at defendants’ costs.
Appeal dismissed.