PONDER, Judge.
Universal Match, a Division of UMC Industries, Inc., plaintiff, instituted these proceedings to recover the sums allegedly due it under a contract of sale with defendant, James M. Case, d/b/a Acadian Catering Company. The trial judge rendered a default judgment in favor of plaintiff, and defendant has appealed.
A review of the record reveals that judgment in this case was rendered on March 26, 1973. No application for a new trial was filed. An order of devolutive appeal was granted on June 18, 1973, but bond was not filed until June 28, 1973.
Article 2087 of the Code of Civil Procedure provides in part as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.”
When notice of judgment is not required, the delay for applying for a new trial is three days, exclusive of legal holidays. LSA-C.C.P. art. 1974. Notice was not necessary in the present case since personal service of the petition was made upon the defendant. LSA-C.C.P. art. 1913.
Consequently, the 90 day period for perfecting an appeal in this case began to run on March 30, 1973, and ended on June 27, 1973. The bond herein was filed on June 28, 1973, one day past the ninetieth day. An appellate court can never acquire jurisdiction unless the bond for appeal is filed within the time prescribed by law. Orrell v. Southern Farm Bureau Casualty Insurance Co, 248 La. 576, 180 So.2d 710 (1965); Rousselle v. Avis Rent-A-Car System, Inc, 277 So.2d 467 (La.App. 4 Cir. 1973); Aetna Casualty and Surety Company v. Sullivan, 275 So.2d 794 (La.App. 2 Cir. 1973). Therefore, this court never acquired jurisdiction over the subject matter of the appeal.
The appeal is, therefore, dismissed.
Appeal dismissed.