CULPEPPER, Judge.
Plaintiff, Andrew Borfield, filed suit to reconstruct a contract for deed and for an accounting against defendant, C. W. Hip-pier. Defendant filed a peremptory exception of no right or cause of action. The district court sustained the exception and plaintiff filed a devolutive appeal. The sole issue is whether this court has acquired jurisdiction over the subject matter of this appeal.
The district court signed the judgment sustaining the exception on April 24, 1974. A motion by plaintiff for a devolutive appeal was granted May 7, 1974. The order for a devolutive appeal does not provide for any bond whatsoever. No bond has been filed and the 90-day delay for perfecting a devolutive appeal has elapsed, LSA-C.C.P. art. 2087.
Article 2121 of the Code of Civil Procedure provides in part as follows:
“An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to he furnished, when *748 the law requires the determination thereof by the court.” (Emphasis supplied)
Article 2124 of the Code of Civil Procedure provides: “The security to be furnished for a devolutive appeal shall be fixed by the court at an amount sufficient to secure the payment of cost.” (Emphasis supplied) Therefore, it is mandatory that the order of appeal fix the security in an amount sufficient to secure the payment of cost. Otherwise, there is no valid order of appeal.
It is well settled that an appellate court cannot acquire jurisdiction unless the bond for appeal is filed within the time prescribed by law. Universal Match v. Case, 286 So.2d 98 (La.App. 3rd Cir. 1973) and the cases cited therein.
Counsel for defendant in his supplemental brief cites as authority to support a dismissal of the present appeal the following language from Dupre v. Hartford Accident & Indemnity Company, 197 So.2d 119, 120 (La.App. 3rd Cir. 1967) :
“As can be seen from the above quoted notation in the record, the security for a devolutive appeal was not fixed at any specified amount by the trial judge, and under the Supreme Court’s ruling in Pan-American Bank & Trust Company v. Ransom, 150 La. 142, 90 So. 598, 549 (1922), this is a total absence of compliance with a statutory requirement of bond, a prerequisite to an appellate court’s jurisdiction of a devolutive appeal. There the Supreme Court held that a devolutive appeal for which the amount of security was not specifically fixed was fatally defective and should be dismissed despite the remedial provisions of C.C.P. 5125.”
The decision in Dupre was overruled in Jackson v. Hannie, 225 So.2d 385, 388 (La.App. 3rd Cir. 1969) :
“Upon consideration of the authorities relied upon in our original opinion herein
and in the Dupre dissent, we now expressly overrule this latter decision. The bond filed for the suspensive appeal was obviously more than sufficient to secure the payment of costs, the requirement of a devolutive appeal bond. LSA-C.C.P. Article 2124. The appeal should not be dismissed for any insufficiency or deficiency unless the opponent has first been afforded an opportunity to furnish a valid bond. LSA-C.C.P. Article 5025.”
In both of the cited cases, a bond was filed ■ within the delays for perfecting a devolutive appeal. Here no bond was fixed or filed. Thus, neither of the cited decisions apply to the facts of the present appeal.
Therefore, since no bond was fixed in the order for appeal and none has ever been filed, this Court never acquired jurisdiction over the subject matter of the appeal. The appeal is, therefore, dismissed.
Appeal dismissed.