CUTRER, Judge.
From a denial of a motion for new trial, plaintiff appeals. The trial court judgment awarded plaintiff a divorce but granted custody and an increase in child support payments to the defendant.
Plaintiff and defendant were married in 1974. Of the marriage, one child was born. In March, 1977, plaintiff obtained a judgment of separation from bed and board. This separation decree awarded temporary custody of the minor child to defendant and required plaintiff to pay child support in the amount of $80.00 per month. On or about September, 1977, while legally separated, defendant and child began living with one Jerry Barnett. Plaintiff filed a petition for divorce in November, 1977. This petition prayed for a divorce from the defendant on the grounds of adultery, temporary custody of the minor child, and for a judgment awarding him full care, custody and control of the minor child. Attached to the petition was a rule to show cause why plaintiff should not be awarded temporary custody of the child. The rule was set for hearing on December 15, 1977.
Defendant filed an answer and reconven-tional demand on November 30, 1977. The answer admitted that she and her child had been living with Barnett and further declared that she would marry Barnett as soon as the divorce was granted. Defendant’s reconventional demand prayed for the following: that the trial on the merits be combined with the rule set for December 15, 1977, that a decree of divorce issue enabling her to remarry, that she be granted permanent custody of the minor child, and that child support payments be increased from $80.00 to $100.00 per month. No order was signed combining the trial on the merits with the rule for temporary custody. After the December 15th hearing, judgment was rendered granting plaintiff a divorce, awarding custody to defendant and increasing child support from $80.00 to $100.00 per month. On December 16, 1977, plaintiff filed his answer to defendant’s re-conventional demand. On December 31, 1977, defendant and Jerry Barnett were married.
Appellant contests on appeal the validity of the divorce, custody and child support decrees. Appellant argues he was only prepared to present evidence on the temporary custody issue at the hearing on the rule and that proper notice was not given of the court’s intention to rule on the other issues. He lastly complains that the trial judge erred in awarding custody to the defendant when she was living in adultery.
We first concern ourselves with the validity of the custody and child support awards. By virtue of the judgment of separation, defendant had previously been granted temporary custody of the minor child and plaintiff was ordered to pay $80.00 per month in child support. The December 15th hearing was a rule to show cause why temporary custody should not be removed from the defendant and given to the plaintiff. Defendant’s reconventional demand prayed for an award of permanent custody and an increase in child support payments. The trial judge granted the custody and child support requested in defendant’s re-conventional demand. The trial court judgment stated that custody would be granted to the defendant and that child support would be increased from $80.00 to $100.00 per month. We interpret this judgment as granting permanent custody to defendant since she already had temporary custody of the child. If the trial judge had only been deciding the issue of temporary custody, the judgment would have reflected that the custody request of the plaintiff was denied.
LSA-C.C.P. Art. 1571[1] prohibits the assignment of ordinary proceedings for trial *982 except after answer is filed. Any judgment entered not in compliance with this provision is null and void. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir. 1969); Ellis v. Evans, 247 So.2d 173 (La.App. 3rd Cir. 1971).
In this case, defendant’s reconven-tional demand praying for permanent custody and an increase in child support was filed as an ordinary proceeding. Although defendant attempted to convert the adjudication of these issues to a summary proceeding, no order was ever obtained combining these issues with the rule for temporary custody. Plaintiff’s answer to the re-conventional demands of defendant, although filed within time limits, was not filed until after the adjudication of the permanent custody and child support issues. The trial of the issues of these ordinary proceedings before an answer was filed rendered the judgment void as to those issues. Therefore, we reverse and set aside that portion of the trial court’s judgment granting defendant’s reconventional demands for permanent custody and an increase in child support.
As to the divorce, we do not agree with plaintiff that the judgment granting him a divorce on the grounds of adultery should be set aside. The divorce was not contested by the defendant. Unlike the issues of custody and child support, the divorce was properly joined for trial when defendant filed an answer admitting the adultery allegation. Sufficient testimony was presented at the hearing establishing the fact that defendant was guilty of adultery. Although this was a hearing on a rule, we fail to see how plaintiff was prejudiced by the trial judge awarding him the divorce he had prayed for in his petition. We therefore affirm the portion of the trial court’s judgment granting the divorce to the plaintiff.
Since we set aside the award of permanent custody to defendant, we do not reach the issue of whether the trial court erred in awarding custody of the child to the defendant who was living in adultery at the time of trial.
For the above reasons, the trial court judgment is affirmed insofar as it grants the judgment of divorce to plaintiff. Judgment is reversed and set aside insofar as it grants permanent custody to defendant and increases plaintiff’s child support payments from $80.00 to $100.00 per month. Temporary custody and child support remains as set forth in the judgment of .separation. This suit is remanded to the trial court for any further proceedings not inconsistent with the views expressed herein. Costs of this appeal are assessed equally between plaintiff and defendant.
AFFIRMED IN PART; REVERSED AND SET ASIDE IN PART.

. LSA-C.C.P. art. 1571 provides:
“The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
*982 “(1) Require adequate notice of trial to all parties, and
“(2) Prescribe the order of preference in accordance with law.
“These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed." (Emphasis supplied)