385 So.2d 544 (1980)
Edna F. YOUNG, Plaintiff-Appellant,
v.
Lionel J. MANUEL et al., Defendant-Appellee.
No. 7591.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
Rehearing Denied July 16, 1980.
*545 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Daniel J. McGee, Mamou, for defendant-appellee.
Before FORET, SWIFT and STOKER, JJ.
SWIFT, Judge.
Plaintiff, Mrs. Edna Young, filed this action seeking a permanent injunction prohibiting defendants, Ogea Hebert, Lionel J. Manuel and their wives, from interfering with her right of passage over their properties from the public road to her home. The petition also requested a preliminary injunction to the same effect and a rule therefor was issued. On its return date an order was signed restraining the defendants from blocking the driveway and bond was furnished by the plaintiff. Mr. and Mrs. Hebert filed an answer and a reconventional demand denying they had refused plaintiff passage over their property and seeking dissolution of the "temporary restraining order or preliminary injunction" theretofore issued, damages and attorney's fees. Plaintiff answered the reconventional demand. No pleadings were filed on behalf of the Manuels.
On July 13, 1979, the plaintiff moved to continue the "Rule for a Preliminary Injunction" from July 19 to July 27, 1979, and it was granted. On July 19 the Heberts moved to continue the "Rule for a Preliminary Injunction" and it was reset for hearing on August 10, 1979.
The case was heard on the day fixed with all counsel being present. The record does not disclose any stipulation or indication that it was being tried on the merits. However the judgment read and signed on September 28, 1979, provides
"IT IS ORDERED, ADJUDGED AND DECREED THAT:
"(1) The demands of the plaintiff be rejected, at plaintiff's costs, and the preliminary injunction issued herein on the ninth (9th) day of July, 1979, be dissolved;

*546 "(2) The demands of Mr. and Mrs. Ogea Hebert, defendants and plaintiffs in reconvention, for damages be and the same are hereby denied;
"(3) Mr. and Mrs. Ogea Hebert, defendants and plaintiffs in reconvention, be and they are entitled to the sum of $100.00 as attorney fees for dissolving the preliminary injunction issued herein."
The plaintiff, Mrs. Young, has perfected a suspensive appeal from the judgment, but only against Mr. and Mrs. Lionel J. Manuel. None of the defendants have answered or appealed from the judgment and it is therefore final insofar as the Heberts are concerned.
While there may be some question as to whether this was a judgment on the merits or simply on plaintiff's rule for a preliminary injunction, we construe it as the latter. There was no agreement that both be tried on August 10, 1979. And an ordinary proceeding on the merits would have been a nullity insofar as the Manuels were concerned, because is was fixed for trial before any answer was filed by them in violation of LSA-C.C.P. Article 1571. Jackson v. Hannie, 225 So.2d 385 (La.App. 3 Cir. 1969); Ellis v. Evans, 247 So.2d 173 (La.App. 3 Cir. 1971); Phillips v. Schmidt, 311 So.2d 471 (La.App. 4 Cir. 1975); Deville v. Gaudet, 361 So.2d 980 (La.App. 3 Cir. 1978). Of course, the Manuels were not required to file an answer prior to the trial of the rule for a preliminary injunction as it was a summary proceeding. LSA-C.C.P. Article 2593.
Turning now to the question of whether or not the plaintiff was entitled to a preliminary injunction, the facts are that on June 20, 1970, Mrs. Young purchased from Ogea Hebert a lot in Chataignier, Evangeline Parish. It was bounded on all sides by property owned by private individuals and had no access to a public road. Hebert retained the land on the east side. The Manuel tract is situated on the south side of Hebert's property and it fronts on a public street or road. Lying south of the plaintiff's land and on the west of Manuel's property is a parcel which appears to be owned by Blaine Vidrine. It also faces the street. The Young and Vidrine tracts are divided by a coulee.[1] The Young, Hebert and Vidrine properties formed a tract of land that was owned previously by a Mrs. Bathilde Rozas. She conveyed one acre thereof (the Young and Hebert tracts) to Mr. Hebert on July 30, 1968. That deed contained the following provision:
"Vendor also grants a right of passage to the property being sold herein, said right of passage to be adjacent to the Coulee or canal and it is agreed that purchaser will fix said right of passage at his own expense and will not in any way interfere with with the garden fence or the clothes line on vendor's property. In the event that purchaser interferes with any other improvements on the land of vendor he shall repair and replace same at his own expense."
Although a bridge was constructed by the parish over the coulee between the Hebert and Vidrine tracts not long after Hebert's purchase in 1968, apparently this right of passage has never been used. Instead a gravel driveway, which runs from the properties of plaintiff, Hebert and Manuel to the public street or road, has been used as the means of ingress and egress by the Heberts from 1968 and by plaintiff from 1970. At first Mr. Hebert paid Mr. Manuel $10.00 per year for the passage, but it is not clear as to just how long this continued. In the spring of 1979 Manuel informed plaintiff and Hebert that they could continue to pass through his property for a charge of $5.00 each per year. Mr. Hebert agreed but plaintiff rejected Mr. Manuel's offer. In June, 1979, Manuel put a gate on the driveway depriving plaintiff of access to the public road and this suit resulted.
The plaintiff contends that the trial judge erred in failing to find that she was entitled to a right of passage through the *547 Manuel's property. Although no oral or written reasons were given for the judgment, the judge apparently concluded that Mrs. Young was not entitled to a right of passage over the Manuel tract as the owner of any enclosed estate, because she had access to the public road by another means.
The applicable provisions of our Louisiana Civil Code, Articles 699, 700, 701 and 747, were amended by Act 514 of 1977 and are now Articles 689, 692, 694 and 776, respectively. However, no changes were made in their substance that affect this case.
Article 699 (now 689) provided that the owner of land having no access to a public road is entitled to a right of passage over neighboring property to the nearest public road, but is obliged to pay for the damages caused his neighbor thereby. Article 700 (now 692) limited the enclosed owner's choice to a passage generally along the shortest route to the public road and at the location least injurious to the intervening lands. But where the tract became enclosed as a result of a partition or a voluntary alienation of an estate or a part thereof, Article 701 (now 694) provided that the right of passage be furnished gratuitously by the owner of the land on which the right of passage was previously exercised, even though not the shortest route to the road and even if not mentioned in the act of alienation or partition. Article 776 (now 747) provided that where the dominant estate is divided, the servitude is due each part if no additional burden is imposed on the servient estate. Thus, the owners of all of the divided parcels are bound to exercise the right of passage through the same place.
The nearest public road to the Young lot is the street on which the Manuel and Vidrine tracts front. The plaintiff contends that the shortest route from her property to the public road is the driveway which passes through the Manuel property. The record is not entirely clear in this respect. Nevertheless, we think that her right of passage to the road is governed by Article 701 (now 694) across the Hebert land, the bridge and the tract to the south formerly owned by Mrs. Rozas (now by Vidrine) as mentioned in the 1968 deed from her to Mr. Hebert. Picard v. Shaubhut, 324 So.2d 517 (La.App. 1 Cir. 1976); Langevin v. Howard, 363 So.2d 1209 (La. App. 2 Cir. 1978), Writ denied, 366 So.2d 560 (La. 1979).
According to Picard, the provision in the deed, rather than creating a servitude of passage by agreement of the parties, simply recognized and designated that servitude of passage which the Hebert land (including the lot now owned by the plaintiff), as the dominant estate, had over and across the balance of the Rozas tract (now the Vidrine lot), as the servient estate. Such a servitude imposed by law is a necessary servitude and as such is imprescriptable.
Since it appears that plaintiff is entitled to a right of passage to the public road over the tract on the south side of her property, and the evidence in the record supports the defendant's contention that with minor adjustments it can be used satisfactorily, she is not entitled to a preliminary injunction to prevent Mr. and Mrs. Manuel from interfering with her use of the gravel driveway on their land. However, the case must be remanded to the trial court for a final determination of her rights in this respect and to a permanent injunction.
The record reveals that there is a suit presently pending which apparently involves the right of plaintiff and Mr. Hebert to passage across the Vidrine property. Because of this common issue of law and fact, we suggest that the trial court consider consolidating the further proceedings in this case with the suit against Mr. Vidrine.
For the foregoing reasons, the judgment of the trial court is affirmed and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED AND REMANDED.
*548 
NOTES
[1] Attached hereto as APPENDIX I is a sketch prepared by the court showing the general location of the properties.