DOMENGEAUX, Judge.
This appeal arises out of a suit brought by Jimmy P. Bouton, plaintiff-appellant, against Daniel R. Noel, Parrish Marcotte, the City of Abbeville, and Travelers Indemnity Company, defendants-appellees, for damages resulting from the alleged tortuous activity of some of the defendants.
At the time of the alleged activity, Mr. Bouton was a Captain on the Abbeville Police Force, Mr. Noel was Mayor of the defendant City, and Mr. Marcotte was an undercover agent. Travelers was the liability insurer • of the City of Abbeville.
The merits of this case have never been tried and are in no way relevant to the issues before us.
The suit was filed on September 13,1977. On April 14, 1983, almost six years after the case was originally filed, the attorney for defendant, Travelers Indemnity Company, who had previously filed a motion for summary judgment, moved the court to assign the case for trial on the merits, and an Order was signed setting a trial date of June 8, 1983.
On the day set for trial, plaintiff failed to appear personally or through counsel, although counsel for all other parties were present.[1] Upon oral motion of the defendants, the district judge dismissed plaintiff’s suit without prejudice.
The appellant contends that the judgment of dismissal was improvidently issued.
The record indicates that at the time the Order assigning the trial date was signed, *1043 there had been no answers filed on behalf of any of the defendants.
Applicable here is La. C.C.P. Art. 1571 which prohibits the assignment of ordinary proceedings for trial except after answer is filed. Any judgment entered not in compliance with this provision is null and void. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir.1969), and Deville v. Gaudet, 361 So.2d 980 (La.App. 3rd Cir.1978).
Therefore, as this ordinary proceeding was assigned for trial on the merits prior to answers being filed, the judgment of dismissal is null and void, even though this case seems to be stagnant and stale.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings and disposition.
Costs of this appeal assessed against ap-pellees. All other costs to await final determination of the case.
REVERSED AND REMANDED.

. Plaintiff's counsel claims that he was not notified of the "trial” date, but the record indicates otherwise, and he has produced no credible legal evidence to the contrary. Nevertheless that issue is moot in view of our disposition of this appeal as shown hereinafter.