_[¿TOBIAS, J.
The appellants, Peter A. Barbee and Barbee and Associates (collectively “Bar-bee”), have filed the instant appeal from judgments of the trial court that awarded most of Barbee’s attorney’s fees to appel-lee, Robert J. Caluda (“Caluda”). In addition, Barbee has filed three peremptory exceptions with this court, namely, no right of action, no cause of action, and non-joinder of an indispensable party, pursuant to La. C.C.P. art. 927. After reviewing the record and the applicable law, we vacate all judgments entered by the trial court relating to attorney’s fees and their division, and we remand the matter to the court below for further proceedings.
This matter arises out of a lawsuit that was originally filed on behalf of Walter E. *117 James, Antoinette James, and Michael James, the three major children of Walter Kerry James (the “decedent”), who was killed in a pedestrian-automobile accident. The decedent had wandered out of the Maison Orleans, a retirement facility where he was a resident. Barbee was originally retained in August 2000 by the three major children to pursue an action against the driver of the vehicle that | astruck the decedent as well as the Maison Orleans, which failed to protect the decedent from wandering into the street. Contracts of representation were executed by and on behalf of the major children authorizing Barbee’s actions. Before, filing suit, Barbee and his co-counsel, Perrin Butler, settled with the driver of the vehicle for policy limits of $10,000.00.[1]
After a lengthy investigation, Barbee filed suit in June 2001 on behalf of his clients. In July 2001, Audrey Raymond, divorced wife of the decedent and mother of the three major children, appeared at Barbee’s office to discharge him and demand the file. Ms. Raymond stated that she was acting on behalf of Michael James, who was mentally impaired, and claimed to be his tutor or mandatary. In this regard, she represented that a power of attorney had been executed at some point for her to conduct Michael’s legal affairs. Barbee was discharged and Caluda was subsequently retained as counsel for Ms. Raymond, Ms. Hopkins, and Michael James, and appeared on their behalf in the original lawsuit filed by Barbee.
Meanwhile, Walter James asked Barbee to continue to represent him. In addition, Walter James opened his father’s succession and was appointed administrator by court order. Thus, Barbee represented both Walter James and the decedent’s estate by contract.
The case went to trial on the merits before a jury on 19-23 May 2003. The jury awarded the decedent’s estate $230,000.00 in general damages. The jury also Lawarded $50,000.00 each to Ms. Hopkins and Walter James, and $300,000.00 to Michael James for their respective surviv- or actions. In a subsequent post-trial motion, the trial court ordered attorney’s fees of $210,000.00 based on La. R.S. 40:2010.9, as well as court costs.[2] The defendants appealed the judgment.
While the appeal was pending, Barbee filed an intervention pursuant to La. R.S. 37:218 for his share of fees owed under the initial contract with Ms. Hopkins and Michael James, due to the apparent attempt by Caluda to mediate two of the ciaims with the defendants. Consequently, the parties agreed to mediate all claims before an independent mediator on li December 2003, at which time a total settlement of $600,000.00 was agreed upon, with each heir receiving the sum of $200,000.00, less costs and a 40% attorney’s fee. According to the mediation agreement, checks were to be made payable to the attorneys and the clients for whom they were counsel of record. Because the question of how Ca-luda’s fees would be shared with Barbee was unsettled, Caluda agreed at the mediation to ■ -deposit the fees in dispute, $160,000.00, into an escrow account.[3]
*118 Caluda apparently filed an answer to the intervention on behalf of Ms. Hopkins and Michael James.[4] Instead of abiding by his agreement to deposit his entire fee into escrow, Caluda obtained a court order on 23 January 2004 that allowed him to deposit only 25% of his fees. Caluda then attempted to set | ¡¿Barbee's petition for intervention for trial through a motion filed on 2 January 2003. Because discovery was not complete and Caluda did not confer with Barbee or his other counsel of record, an objection was filed.[5] The trial court never ruled on the objection, but on 5 January 2004, set the matter for trial on 16 March 2004. Inexplicably, notice to Barbee of the trial setting did not issue until 23 February 2004, the day before Mardi Gras. Barbee was out of town during and after Mardi Gras week, so he was given little time to prepare for the trial.
On 16 January 2004, Caluda, appearing in “proper person,” filed a “cross-claim and/or re-conventional demand to Petition for Intervention.” The claim was filed only against Barbee and not the law firm, or against Barbee’s co-counsel, Perrin Butler, or against Walter E. James, the decedent’s estate, or their recovery. Caluda sought the return of all or part of Barbee’s fee, which had been distributed following the mediation without objection from Calu-da or his clients. An exception to service was filed by Butler, but never ruled upon by the trial court. The record does not reflect that an answer to the cross-claim was ever filed.[6]
After setting the intervention for trial, Caluda sent interrogatories and a request for production of documents. It is unknown when the discovery was sent to Barbee. In any event, Caluda filed an expedited motion to compel discovery and for Barbee to escrow 25% of his attorney’s fee generated from the settlement 18of the claim of Walter James, or the sum of $20,000.00. Although the motion is not in the record, the trial court signed a judgment on 16 March 2004, ordering that the discovery be completed no later that 15 March 2004 and the funds be placed in escrow no later that 17 March 2004.
The trial took place on 16 March 2004, despite Butler’s objection and the fact that Barbee’s attorney, Clarence Roby, had requested a continuance after having just enrolled. The basis of the request was that Barbee was not present as he was Chief Public Defender with nine felony jury trials set in Plaquemines Parish that day and would further be interviewing witnesses later that day and could not attend. The court denied the continuance, dismissed Barbee’s intervention with prejudice, and proceeded to trial on Caluda’s cross-claim.[7]
*119 At the conclusion of the trial, the court vacated the previous order requiring Calu-da to escrow his attorney’s fees and ordered Barbee to place his attorney’s fees in escrow. On 18 March 2004, judgment was rendered that placed these orders in writing and further awarded two-thirds of Barbee’s fees generated by the claim of Walter E. James to Caluda, without specifying a specific dollar amount.[8]. No reasons for judgment were given. Barbee filed a suspensive appeal from the judgment of 18 March 2004 and a devolutive appeal from any further judgments of the court.
17Although the court granted Bar-bee’s motions for appeal in April, Caluda filed a motion on 7 May. 2004 to show cause why he should not be awarded two-thirds of the $4,000.00 fee that was placed in escrow. The fee was generated through the pre-trial settlement with the driver of the vehicle that struck the decedent, before Caluda became counsel of record! The trial court set the rulé for hearing on 18 June 2004, however, by judgment dated 6 May 2004, the rule was granted.
The appellant has set forth four assignments of error for the- court’s review. However, the record on appeal does not permit the court to determine the issues presented. First of all, the record does not contain Caluda’s answer to Barbee’s petition for intervention, although it is referred to in the record. In addition, the record does not contain Barbee’s answer to Caluda’s cross-claim. Therefore, nothing exists to show that issue was ever joined so that the case could proceed to trial.
La. C.C.P. art. 1571 states in pertinent part:
A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to
all parties; and
(b) Prescribe the order of preference
in accordance with law.
(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed. [Emphasis added.]
|rAs held by the court in Phillips v. Schmidt, 311 So.2d 471, 474 (La.App. 4 Cir.1975):
Examining the record, we note that, at the time of the motion of defendant-appellee to set the matter on the non-jury docket and the subsequent fixing of the trial dates by the Court, there was no answer filed in the record to' the defendant’s réconventional demand. C.C.P. Article 1571 prohibits the assignment of ordinary proceedings for trial except after answer filed. Thus the defendant in filing his motion to set the matter down for trial was premature and the trial judge’s action in granting a specific trial date is of no effect. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir.1969).
In addition, the court, in Bouton v. City of Abbeville, 458 So.2d 1042, 1042-43 (La.App. 3 Cir.1984) stated:
The record indicates that at the time the Order assigning the trial date was signed, there had been no answers filed on behalf of any of the defendants.
Applicable here is La. C:C.P. Art. 1571 which prohibits'the assignment of ordinary proceedings for trial except after answer is filed. Any judgment entered not in compliance with this ' provision is null and void. Jackson v. *120 Hannie, 225 So.2d 385 (La.App. 3rd Cir.1969), and Deville v. Gaudet, 361 So.2d 980 (La.App. 3rd Cir.1978).
Therefore, as this ordinary proceeding was assigned for trial on the merits pri- or to answers being filed, the judgment of dismissal is null and void[.]
The same rule applies to the matter before us. Answers to the petition for intervention and cross-claim do not exist in the record before this court.[9] Further, nothing exists in the record , that impliedly can be read as an answer. In addition, the trial court was required to dispose of the declinatory exception of improper 19service before proceeding to further matters presented. Finally, we question the propriety of the cross-claim/reconventional demand by Caluda, as he did not seek court approval before its filing. See La. C.C.P. art. 1033.[10] Despite the fact that Barbee was not present for trial, the trial court’s judgment, dismissing his intervention with prejudice, is null and void, as are all judgments issued by the court. Therefore, we vacate all judgments rendered in this matter relating to attorney’s fees and their division and remand the case to the court below for rulings on the declinatory exception of improper service, as well as the peremptory exceptions filed by Barbee on appeal. Once the exceptions are disposed of and all answers are filed, the matter may then be set for trial, if one is necessary, in compliance with the Local Rules of the Civil District Court for the Parish of Orleans and law. We also note that monies once in escrow awaiting a resolution of the interventions have been released. To ensure that the parties are placed in the same position they were before trial, the trial court may order in its discretion that all money be returned to escrow.
Based on the foregoing, all judgments of the trial court are reversed and vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

JUDGMENTS REVERSED AND VACATED; REMANDED.

ARMSTRONG, C.J., concurs.
BELSOME, J., concurs.

. At some point, the attorney’s fees of $4,000.00 were deposited into escrow for a later disbursal.

. La. R.S. 40:2010.6 through 40:2010.9 pertains to nursing homes. It creates, inter alia, a residents’ bill of rights, establishes penalties for violation of residents’ rights, and provides for civil enforcement of residents’ rights. Any plaintiff who prevails in a civil enforcement action is entitled to recover reasonable attorney's fees and court costs. See § 2010.9(A).

.We gather this information from the briefs filed into the appellate record. No other evidence exists to support these facts.

. The answer is referred to, but not contained, in the record on appeal.

. Appendix 8, Rule 1 of the Local Rules for the Civil District Court for the Parish of Orleans states that a case may not be placed on the trial docket unless the motion requesting same states that all issues have been joined, all discovery is completed, and all motions are filed and resolved. In addition, the rules state that the mover of the motion must certify that trial counsel for all parties have conferred, in person, to confirm that the foregoing have been accomplished.

. At oral argument, counsel stated that Bar-bee was forced to file an answer after Caluda filed a default into the record. However, neither pleading is contained in the appellate record. See infra n. 9.

. The record contains testimony from the 16 March 2004 trial. When Mr. Roby represented to the trial court that Barbee was engaged in Plaquemines Parish, the trial court called 34th Judicial District Court for the Parish of Plaquemines and was told that Barbee was not in court at that time. Because Mr. Roby was not prepared to present Mr. Barbee's claim for intervention, the trial court dismissed the intervention with prejudice.

. Caluda suggested to the court at the conclusion of the trial that one-third of Barbee’s fees would be an appropriate amount to be awarded pursuant to the cross-claim.

. On 2 May 2005, a correspondence from Caluda was received by the court, to which was attached a stamped copy of Barbee's answer to Caluda’s reconventional demand, without a motion to supplement the record. The face of the answer indicates that it was filed on 4 March 2004 and served on Caluda through the Jefferson Parish Sheriff's Office sometime after 19 March 2004. Even assuming that a motion to supplement the record had been filed and granted, the record is still deficient for its failure to contain an answer by Caluda to Barbee's petition for intervention.

. Since the record on appeal does not reflect that an answer to the Barbee intervention was filed, although it is alleged that one was, court approval is needed only if Caluda’s intervention (albeit styled as a "cross-claim/reconven-tional demand') was filed after an answer was filed.