**DANZELLE Q. MOSES**　　　　\*　　NO. 2025-C-0229

**VERSUS**　　　　　　　　　　\*

　　　　　　　　　　　　　　　　**COURT OF APPEAL**

**CHRISTOPHER ALEXANDER**　\*

　　　　　　　　　　　　　　　　**FOURTH CIRCUIT**

　　　　　　　　　　　　　　\*

　　　　　　　　　　　　　　　　**STATE OF LOUISIANA**

　　　　　　　\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
FIRST CITY COURT OF NEW ORLEANS
NO. 2022-03692, SECTION "A"
HONORABLE ROBBINS GRAHAM
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)


Zachary O. Simmons
SOUTHEAST LEGAL SERVICES
1340 Poydras Street, Suite 600
New Orleans, Louisiana
70112

Leonid Grinberg
BLUESTEAM LAW LLC
4700 Millwood Drive
Baton Rouge, Louisiana
70817

　　　COUNSEL FOR RELATOR/PLAINTIFF


　　　　　　　　　　　　　　**WRIT GRANTED;**
　　　　　　　　　　　　　　**REVERSED AND REMANDED**
　　　　　　　　　　　　　　**APRIL 25, 2025**

Relator/Plaintiff, Danzelle Moses (hereinafter "Ms. Moses"), seeks review of the trial court's March 20, 2025 order denying her "Emergency Motion to Continue Trial and Reset Scheduling Order." Based on the application for supervisory writs and the applicable law, we grant the writ, reverse the trial court's March 20, 2025 order and remand this matter for further proceedings consistent with this opinion.

## Facts and Procedural History

On June 14, 2022, Ms. Moses filed a "Petition for Unfair and Deceptive Trade Practices, Security Deposit, Penalties, and Attorney's Fees" naming Christopher Alexander (hereinafter "Mr. Alexander") as the sole defendant. The petition maintains that Ms. Moses signed a one-year residential lease for a property owned by Mr. Alexander. She contends that Mr. Alexander asked her to vacate the property to begin repairs resulting from Hurricane Ida. After complying with Mr. Alexander's requests, Ms. Moses vacated the property and made a formal demand of her security deposit. The petition alleges two causes of action: (1) that Mr. Alexander willfully failed to return her security deposit in violation of La. R.S.

9:3251–9:3253 and (2) that his actions constitute unfair and deceptive trade practices under La. R.S. 51:1401, *et seq.* – Louisiana Unfair Trade Practices and Consumer Protection Law.

After filing a motion for extension of time, Mr. Alexander answered the petition on August 8, 2022. On October 16, 2024, the trial court issued a scheduling order which provided, in pertinent part:

**TRIAL IS SET FOR TUESDAY, MARCH 25, 2025**

**\*\*\***

> Pre-Trial is set for 9:30 a.m. Trial is set for 10:00 a.m. Pre-[T]rial memos are required and due on 3/21/2025 by noon.…Motions to Continue must be filed by 3/14/2025 to be considered. Plaintiff's Amended Pleading is due 11/18/2024.

On November 14, 2024, Ms. Moses amended her original petition to add a breach of contract claim. Mr. Alexander failed to answer the amended petition and Ms. Moses filed a motion for default judgement.[1] The trial court granted the motion and entered a default judgment in favor of Ms. Moses on February 26, 2025. However, the trial court, *sua sponte*, vacated its prior judgment on March 7, 2025 stating that Ms. Moses failed to establish a *prima facie* case, to obtain a default judgment, by competent and admissible evidence. Ms. Moses subsequently re-filed her motion for default and requested a hearing.[2] According to the writ application, the trial court informed Ms. Moses, via a telephone call on March 17, 2025, that the trial date would be maintained in accordance with its October 16, 2024 scheduling order. Ms. Moses filed an emergency motion to continue the March 25th trial on

---

[1] In support of her motion, Ms. Moses attached her lease agreement with Mr. Alexander and an affidavit attesting to the events leading up to her leaving rental property.

[2] Ms. Moses attached a rule to show cause order to her second motion for default. The second motion is currently pending before the trial court.

March 20, 2025 which the trial court denied. This application for emergency supervisory writs followed.

**Discussion**

The narrow issue before this Court is whether the trial court erred in denying Ms. Moses' emergency motion to continue trial. This Court reviews a motion to continue trial under the abuse of discretion standard. *Doe v. Lewis*, 2020-0320, p. 3 (La.App. 4 Cir. 12/30/20), 312 So.3d 1165, 1169 (citation omitted).

Ms. Moses argues the trial court erred in denying her emergency motion to continue trial because Mr. Alexander failed to answer her amended petition. She maintains that since Mr. Alexander failed to answer her amended petition, a trial on the merits is not appropriate. We agree. La. C.C.P. art. 1571 provides that a trial court "shall" not assign ordinary proceedings for trial until after an answer is filed. The requirements of La. C.C.P. art. 1571 are mandatory. *See James v. Maison Orleans II, Inc.*, 2004-1132, pp. 7-9 (La.App. 4 Cir. 5/11/05), 913 So.2d 115, 119-20 (citations omitted). Any judgment entered, not in compliance with the provisions of the La. C.C.P 1571(4), prohibiting the assignment of ordinary proceedings for trial before an answer is filed, are null and void and must be set aside. *Id*.

A status conference was held and a scheduling order setting trial for March 25, 2025 was issued. The scheduling order required all motions to continue be filed by March 14, 2025. However, after the trial court issued its scheduling order, Ms. Moses amended her petition to add a breach of contract claim.[3] Mr. Alexander failed to answer Ms. Moses' amended petition. "[N]o valid judgment may be

---

[3] It appears the parties contemplated that Ms. Moses would be filing an amended petition as evidenced by the inclusion of a November 18, 2024 deadline for the filing of an amended petition in the trial order.

3

rendered against a party with whom issue has been joined by way of answer, default or waiver." *Burton v. Belt*, 2021-0571, p. 11 (La.App. 4 Cir. 5/18/22), 340 So.3d 1176, 1183 (citations omitted). Although Ms. Moses filed her emergency motion to continue trial on March 20, 2025 – after the deadline set forth in the scheduling order – a trial on the merits could not be held as Mr. Alexander failed to file an answer. We therefore find the trial court abused its discretion in maintaining the March 25, 2025 trial date and denying Ms. Moses' emergency motion to continue trial. *See* La. C.C.P. art. 1571(4). Accordingly, the writ application is granted and the trial court's March 20, 2025 order is reversed. This matter is remanded for further proceedings consistent with this opinion.

**WRIT GRANTED;**
**REVERSED AND REMANDED**