BAILES, Judge.
Relators, Betty and James Scott, made application to this Court for Writs of Mandamus, Certiorari and Prohibition, wherein they sought a review of the denial by the district court of their “Motion for Venire Facias,” i. e. motion for order commanding the jury commission to meet, for the reason that the motion was not timely filed. We issued alternate writs to the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, Honorable Fred A. Blanche, Jr., Judge, ’presiding, commanding the issuance, at .or before 9:00 a. m., January 25, 1968, of an order for the jury commission to meet, or in the alternative, to show cause why the writ should not be made peremptory. The alternate was chosen and answer filed.
In their petition to the trial court, plaintiffs (relators herein) sought damages ex delicto and prayed, inter alia, for trial by jury. On December 5, 1967, at a pre *818 trial conference, the matter was set down for trial on January 31, 1968, it being brought to the court’s attention that the trial would be by jury. The motion for an •order for the jury commission to meet was filed by plaintiffs on January 23, 1968, and was denied.
Plaintiffs, as relators, petitioned this ■Court urging that the refusal of the trial court to order the jury commission to meet and select a jury venire violated their constitutionally guaranteed right to trial by jury and that their motion, filed eight days prior to the date set for trial, was filed in a timely manner. We issued the writs sought.
Respondents answered the alternative writ, reporting that the existing and scheduled workload of the Clerk of Court and Sheriff made impossible an orderly and efficient civil jury call in the time remaining before the date for which the trial was set and on this ground the motion was denied.
With this contention we agree. The writ issued herein will be recalled and set aside.
At the outset we note the absolute and inviolate right of a party to a juridical cause to a trial by jury, except as limited by law and provided the requisite procedural forms are fulfilled. LSA-Const.1921, Art. 7, § 41; LSA-CCP Art. 1731 et seq. In addition to the necessity for making a timely demand for a trial by jury, LSA-CCP Art. 1732, a party desiring that his cause be tried before a jury must, in appropriate cases, make application for the issuance of an order for the jury commission to meet and select a venire. LSA-R.S. 13:3050 provides in part:
“ * * * When a trial by jury in a civil case is prayed for and allowed or when one is ordered ex-officio by the judge, he shall on application of either party to the cause, in case there be no venire of jurors from which to select a jury, order the commission to draw such number of jurors as he may deem necessary to try and determine the cause, * * *." (Emphasis supplied)
This burden, of initiating the procedural mechanism for the formation of a jury, implicitly demands that application be made at a time sufficiently in advance of the date on which the matter has been set down for trial that the administrative procedures required to accomplish this function can be performed in an orderly and routine manner, without undue disruption to the other functions of the officials involved and, ideally, with ample notice and without unnecessary inconvenience to the veniremen called to serve.
The application made herein does not meet this test. Though the case had been on the docket of the court for almost two years and the date of trial set almost two months in advance, plaintiffs-relators did not apply for an order for the jury commission to meet until eight calendar days before the trial. Actually, only three days were available to complete the procedures for selecting and summoning the venire. Notice of a meeting of the jury commission is required to be in writing and given to the members of the commission at least twenty-four hours prior to the meeting. LSA-C.Cr.R Art. 405. Thus, the earliest the jury commission could have been scheduled to meet would have been Thursday, January 25, 1968. Saturday, January 27th, and Sunday, January 28th, were holidays, thereby leaving only Friday, January 26th, Monday, January 29th, and Tuesday, January 30th, for the Clerk of Court to prepare the list of veniremen and for the Sheriff to make service of summons on the veniremen prior to the date of the trial.
This, we feel, was insufficient time to accomplish, in an orderly and routine manner, the selection and calling of a jury venire. The denial by the trial court of the application for an order for the jury commission to meet was, therefore, proper.
*819 In his answer to our writ, the respondent contends:
“Finally, this Court recognizes the absolute right of a citizen to a trial by jury. However, the most absolute of rights can be waived, and it is submitted that the foregoing considered that the plaintiff waived his rights to a trial by jury.”
With this contention we cannot agree for it is settled that a jury trial, as a right of fundamental character, will not be presumed waived, lost or forfeited. Arrington v. McCarty, La.App., 136 So.2d 119; Hicks v. Board of Supervisors of Louisiana State University, La.App., 166 So.2d 279.
Accordingly, it is hereby ordered that the alternative writs of mandamus, certiorari and prohibition issued on the 24th day of January, 1968, to the Honorable Fred A. Blanche, Jr., Judge, Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, be and the same is hearby recalled, rescinded and set aside.
Writs recalled.