BLANCHE, Judge.
The issue presented by this writ is whether plaintiff is entitled to a trial by jury. The trial court denied plaintiff’s motion for a jury trial and plaintiff thereafter applied to this court for alternative writs of mandamus, certiorari and prohibition. We issued alternative writs to the Twenty-First Judicial District Court, Tangipahoa Parish, Louisiana, Honorable William M. Dawkins, presiding, commanding said judge to grant relator a trial by jury as prayed for or to show cause in this court why the writ should not be made peremptory. The alternative was chosen. Plaintiff alleged that several defendants were liable jointly and in solido to him for certain damages, and one of the defendants, United Engineering and Foundry Company, the last defendant to file answer, filed its answer on January 23, 1970. It was stipulated that the Clerk of Court received in her office plaintiff’s motion for a jury trial seven days after United’s answer was received. Article 1732 of the Code of Civil Procedure provides that:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.” (Emphasis added)
The issue as set forth by the allegation of plaintiff’s petition is that plaintiff is entitled to recovery of damages ex delicto from the defendants, whom he alleges are liable to him jointly and in solido. The last pleading directed to that issue was the denial of liability by United in its answer. Thus, the demand for a jury trial was timely filed. However, counsel argues that plaintiff is not entitled to a jury trial with respect to the issues of liability on the part of respondents-defendants, the American Insurance Company, William Rhymer, Andres E. Heres, John C. Kent, John Ross and Ralph Waits, as their answer to plaintiff’s petition was filed more than eight months prior to plaintiff’s demand for a jury trial. Plaintiff’s right to a trial by jury is not limited by the provisions of Article 1732 to when issue is joined as to any particular defendant. If the issue is one which is triable by a jury, that right is dependent on whether it was demanded in a pleading filed not later than ten days after the service of the last pleading directed to such issue.
If these defendants are proper parties defendant as to the issue of their alleged liability to the plaintiff, then a jury trial may be had as against them, as plaintiff’s application for the same was timely, having been made within ten days after the last pleading directed to said issue.
*767 We now turn to defendants’ contention that plaintiff did not make timely compliance with the procedural requisites for the assertion of the right to a trial by jury. The case of Scott v. Hardware Mutual Insurance, 207 So.2d 817 (La.App. 1st Cir. 1968), decided by this court is authority for the proposition that the burden of initiating the procedural mechanisms for the 'formation of a jury implicitly demands that the application be made at a time sufficiently in advance of the date on which the matter has been set down for trial in order that the administrative procedures required to accomplish this function can be performed by the officials involved in an orderly and routine manner without undue disruption of the other functions of the officials involved and, ideally, with ample notice and without unnecessary inconvenience to the veniremen called to serve.
Respondent can obtain no comfort from this case, as the attorney in Scott filed his motion for an order for the jury commission to meet at a time when there were only three working days for the Clerk of Court to prepare the list of veniremen and for the Sheriff to make service of the summonses on the veniremen prior to the date of trial.
The stipulated testimony of Mrs. Frances Piazza, Deputy Clerk of Court, appearing in the record herein is that only three to four weeks’ notice is required for calling a venire to prepare for a jury trial. It is noted from the stipulation that the motion for a jury trial was mailed by attorney for plaintiff-to the Clerk of Court on January 27, 1970, some four weeks prior to the date of trial and in ample time for the Clerk to initiate the procedural mechanism for the formation of the jury.
Accordingly, it is hereby ordered, adjudged and decreed that the alternative writ of mandamus issued herein on the 23rd day of February, 1970, directed to the Honorable William M. Dawkins, Judge of the Twenty-First Judicial District Court, Parish of Tangipahoa, Louisiana, ordering the granting of a jury trial in this matter as prayed for be maintained and made absolute, and this case is hereby remanded to the trial court to be reassigned for trial by jury.
Writ maintained and made absolute and case remanded for further proceedings not inconsistent herewith, the cost hereof to be paid by respondents.