SAVOY, Judge.
Plaintiffs filed an action ex delicto against defendants in East Baton Rouge *175 Parish, resulting from a collision between two vehicles in which third persons were killed. At a pre-trial conference the district judge transferred the case to Cameron Parish, Louisiana, where the accident occurred. In the notation, the trial judge stated that the case be tried without a jury.
After the case was transferred, plaintiffs filed a rule against defendants to show cause why the case should not be tried before a jury. After a hearing on the rule, the district judge recalled the rule and held that the case should be tried without a jury for the reason that counsel for plaintiffs did not pray for same. Plaintiffs have appealed.
In plaintiffs’ original and amended petitions, the only reference to a jury trial is found in Article 18 of the original petition. This article states, “Petitioners desire a trial by jury.” There is nothing in the prayer asking for a jury trial, nor is there an order from the district court granting said request.
Counsel for plaintiffs takes the position that he need not pray for a jury trial, but is entitled to it as a matter of right. He states that prior to the adoption of the Civil Code of Procedure it was necessary to pray for a trial by jury for the reason that Article 494 of the Code of Practice of Louisiana made it mandatory. He contends that this has been changed by LSA-C.C.P. Article 1732 which recites:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
His position is that the above article adopted Federal Rule 38(b), which reads as follows :
“(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.”
Counsel states that by reason of the change in LSA-C.C.P. Article 1732, no order of the court was necessary; that service of the petition on the opposing party is the only necessary requirement.
Counsel for defendants states that no substantial change has been made in LSA-C.C.P. Article 1732, except that the demand for a jury trial must be made not later than ten days after service on the opposing parties.
Professor Leon Hubert, in an article in 35 Tulane Law Review (1961), entitled “Trial by Jury Under the Next Code of Civil Procedure”, stated that the Code of Practice requirement of an affirmative demand for jury trial has been retained. The only change was made with regard to the time at which a demand could be made for a trial by jury. Prior to the adoption of LSA-C.C.P. Article 1732, a party could demand a trial by jury at any time prior to the actual trial.
We are cognizant that this article has been liberally interpreted, and that jury trials are favored, but we are of the opinion that in order for a litigant to be entitled to a jury trial he must make a formal demand or prayer for that relief in his petition.
We conclude that the order of the district court ordering the case to be tried without a jury is correct.
For the reasons assigned the judgment of the district court is affirmed. Costs of this appeal are assessed against plaintiffs.
Affirmed.