TATE, Justice.
This is a wrongful death action. The sole issue before us is whether the plaintiffs are entitled to a trial by jury.
Article 18 of the plaintiffs’ petition alleged: “Petitioners desire a trial by jury.” The previous courts held that, in the absence of a prayer (additionally) requesting such relief, the plaintiffs had not made a demand for such relief as required by La. C.C.P. Art. 1732, 252 So.2d 174 (La.App.3d Cir. 1971). We granted certiorari to review this holding. 259 La. 929, 253 So.2d 378 (1971).
The only formal requisite for requesting a jury trial is provided by Article 1732: “A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to the issue.”
As the Article and Official Revision Comment (b) indicate, this “demand” need not be in the petition or answer; it may be made by any “pleading” timely filed. (Pleadings include not only petitions and answers, but also exceptions and motions in writing. La.C.C.P. Art. 852.) Further, as used in the Article, the requisite “demand” is simply a written request for jury trial.[1]
*599 Article 1732 thus does not require a request for jury trial in the body of a petition be reiterated by a formal further request for such relief in the prayer of the petition. Nor does it contain any requirement (as seems to be suggested) that not only the demand for trial by jury be made within the ten days but also a court order granting it.[2]
The only requirement is a request in writing, within the statutory delay, for a jury trial. This requirement was here met. The previous courts were in error in concluding to the contrary.
Under both the spirit and the letter of the 1960 Code of Civil Procedure, a right to substantive or procedural relief shall not be denied because of the technical niceties of language or the physical placement on paper of a timely-asserted claim sufficient to indicate to the court and the opposing party what is .demanded. La.C.C.P. Arts. 862, 865, 934, 1153, 1154, 2164, 5051.
In argument, the defendants also seem to suggest that the plaintiffs subsequently waived their' prior request for jury trial. This argument is based upon an informal handwritten notation appended below the judge’s signature to an order approving a pre-trial order. It is not contended that the pre-trial order itself incorporated any waiver of jury trial.
 We are unable to ascribe any forfeiture consequences to the unexplained and unsigned notation in question: “The pre-trial was held and the matter assigned for another pre-trial conference where trial date will be assigned—w/o jury trial.” So far as the record shows, this informal notation of possible intention was not a ruling and was not communicated to the parties. Waiver of the right to jury trial will not be presumed from it.
For the reasons assigned, therefore, we reverse the ruling of the previous courts denying the plaintiffs their timely-requested right to jury trial. The defendants-appellees-respondents are to pay costs of the appeal and of the proceedings in this court; all other costs to await the final determination of this cause.
Reversed and rendered.
SUMMERS, J., concurs.

. See Official Revision Comment (a). Further, the essential wording of our Code Article is taken from Federal Rule of Civil Procedure 38(b), see Official Source *599 note, where “demand” is likewise used in the sense of a simple written request, either in the petition or answer or by later pleading or even by written indorsement upon the pleading. FRCP 38(b) ; 5 Moore’s Federal Practice, Section 38.40 (1971). See also Black’s Law Dictionary, verbo “Demand” (verb) : “In practice. To claim as one’s due; to require; to ask relief. * * * ”

. Cf. also La.C.C.P. Art. 882: “* * * a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, oven if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”