SAMUEL, Judge.
The sole issue before us in this suit in tort is whether the trial court abused its discretion in refusing to allow the plaintiff to file a supplemental and amended petition. We granted writs from that refusal.
The chronology is necessary for a proper understanding. On July 28, 1971, plaintiff filed a suit against Prager, Inc. for workmen’s compensation benefits based on an alleged accident which occurred while he was working in the employ of that defendant. On October 5, 1971 he filed this suit against Herman J. Prager, Jr., Abner Menge and V. J. Boudreaux, apparently as officers, directors or managerial personnel of Prager, Inc., seeking damages in tort for personal injuries incurred in the same accident. The two suits were consolidated for trial.
On October 29, 1971 Herman J. Prager, Jr. filed his answer. On November 18, 1971 Menge and Boudreaux filed their answers and, alternatively, a third party petition against Herman J. Prager, Jr. and Thomas F. Ridgely, respectively president and secretary and members of the Board of Directors of Prager, Inc., for indemnification. The third party defendants answered the third party petition on May 2, 1972. On June 13, 1972 the Employers’ Liability Assurance Corporation, Ltd., the defendant corporation’s compensation insurer, intervened to recover compensation benefits paid by it to the plaintiff out of any judgment which he might obtain. On January 9, 1974 the trial of the case was scheduled for May 22, 1974. On January 29, 1974 plaintiff filed the supplemental *563 and amended petition together with a rule to show cause why the filing should not be approved. After a hearing thereon, the rule was dismissed on Febraury 11, 1974. For a better understanding of the matter, it should be noted that the contested petition was filed after plaintiff obtained new counsel.
The supplemental and amended petition seeks to amend the original petition in these four aspects: (1) it names three additional defendants, officers of Prager, Inc., and their alleged insurance carrier; (2) it increases the original prayer for medical expenses and general damages from $75,300 to $410,000 and enlarges the original prayer for damages to include loss of wages, past and present, and future loss of earning capacity in an additional sum of $200,000; (3) it amplifies the alleged acts of negligence by all defendants; and (4) it requests a jury trial.
The statutory law controlling the issue before us is that portion of Code of Civil Procedure Article 1151 which provides that following service of the answer to his petition, and absent either an order requiring amendment or written consent of the adverse party, a plaintiff may amend his petition only by leave of court.[1] The article thus leaves the decision to the discretion of the trial judge[2] and that decision should be disturbed only upon a finding of an abuse of discretion. In the instant case we conclude there was such an abuse.
The liberality of amendments to pleadings has long been the policy of our courts,[3] particularly under our present Code of Civil Procedure.[4] Here there is sufficient authority to establish legal precedent for allowing amendment of the petition in each of the first three aspects in which the supplemental and amended petition seeks to amend.[5] The case against all of the defendants, both original and those sought to be added, is based on the same incident and substantially, if not entirely, the same set of facts. In substance, the case is essentially the same as to all those defendants. Thus, there is a valid reason which supports allowing the filing of the supplemental and amended petition; such a filing would prevent an unnecessary multiplicity of law suits with an attendant undue delay and increase in expense to all litigants. Nor do we see any valid reason why the supplemental and amended petition should not be allowed to be filed. A filing of the contested petition would not cause the original defendants any substantial prejudice nor, as far as shown by the record, any prejudice at all, particularly in view of the fact that in our opinion leave to amend could have been granted in sufficient time to hear the entire case on its scheduled date for trial.
Finally, we address ourselves to that portion of the supplemental and amended petition which, for the first time, requests or demands a jury trial. The question is controlled by Article 1732 of the Code of Civil Procedure, which reads:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.” LSA-C.C.P. Art. 1732.
*564 In this connection the case of Bar-berito v. Green,[6] recently handed down by the Supreme Court of Louisiana and which we are required to follow, stands as authority for permitting the filing of a demand for a trial by jury under circumstances similar to those present in the instant case even after the passing of a substantial period of time.[7] Nor are we impressed by the contention of the respondent (Prager, Inc.) that the demand for a jury trial is premature. The quoted Article 1732 does state that a party may demand a trial by jury “in a pleading filed not later than ten days after the service of the last pleading directed to such issue.” But that statement only places a limitation on the maximum amount of time during which the demand may be made. Here, once the supplemental and amended petition is permitted to be filed, and we have reached that conclusion, no useful purpose could be served by refusing to allow the plaintiff to make his demand for a jury trial until after service of that petition.
For the reasons assigned, the alternative writs of certiorari and mandamus herein issued are made peremptory, the judgment of the trial court denying plaintiff’s motion to file his supplemental and amended petition is set aside and vacated, and the judge of the trial court is directed to sign an order permitting the filing of said supplemental and amended petition. Accordingly, the matter is remanded to the trial court for the purpose of signing said order and for all further proceedings in accordance with law and in conformity with this opinion and decree. All costs in the trial court and in this court attributable to the filing of the supplemental and amended petition are to be paid by the respondent, Prager, Inc; all other costs are to await a final determination.
Writs made peremptory; remanded.

. In pertinent part, LSA-C.C.P. Art. 1151 reads:
“A plaintiff may amend Ms petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 and 934. . . . Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.”

. See “Comments” under LSA-C.C.P. Art. 1151.

. See, for example, Breaux v. Laird, 230 La. 221, 88 So.2d 33.

. See LSA-C.C.P. Art. 1154 and Wallace v. Hanover Insurance Company of New York, 246 La. 598, 164 So.2d 111.

. Barberito v. Green, La., 275 So.2d 407; Breaux v. Laird, footnote 3; Stewart v. Maloney Trucking & Storage, Inc., La.App., 147 So.2d 62; Brocato v. T.S.C. Motor Freight Lines, La.App., 22 So.2d 480.

. See footnote 5.

. In this case the period of time between the original petition and the supplemental and amended petition is in excess of three years while in Barberito the same period of time was in excess of two years.