311 So.2d 471 (1975)
John PHILLIPS, Individually and on behalf of Antonio Phillips and Scott Phillips
v.
Ray R. SCHMIDT, Sr., Individually and as the father of Ray R. Schmidt, Jr. and Security Insurance Company.
No. 6741.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
*473 Bienvenu & Culver, H. F. Foster, III, New Orleans, for Ray Schmidt, Sr., and others, defendants-appellees.
Michael S. Guillory, Sanford Krasnoff, New Orleans, for John Phillips, and others, plaintiffs-appellants.
Before SAMUEL, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal by plaintiff from a judgment: (1) recalling an order of court fixing the amount of a jury cost bond and the time within which it is to be filed; (2) ordering the case to be fixed for trial on its merits on the non-jury docket of court; and (3) denying a request for transfer to the jury docket.
To understand the procedural posture of the case it is necessary to relate the sequence of filing of the various pleadings:
May 17, 1972 petition filed.
May 18, 1972 supplemental and amended petition filed praying for trial by jury, served on defendants May 20 and May 22, 1972 respectively.
May 31, 1972 answer of defendants and reconventional demand against plaintiffs.
August 18, 1972 attorney for defendants move the case to be placed on proper call docket for fixing and trial on the merits.
February 7, 1973 pretrial conference held.
May 15, 1973 notice of trial fixed for June 5, 1973. The notice contains no mention of trial by jury.
May 31, 1973 motion to continue trial date by defendant attorney.
August 24, 1973 notice of trial fixed for Oct. 11, 1973.
September 4, 1973 answer to reconventionale demand.
September 12, 1973 jury order filed by plaintiff and signed by trial judge, ordering trial by jury on posting jury cost bond of $500.00 on or before September 30, 1973.
September 12, 1973 deposit of $16.00 cash with Clerk of Court for jury.
September 26, 1973 bond for costs filed.
October 9, 1973 rule to show cause filed by the defendant, seeking to recall jury order signed September 12, 1973 and to deny plaintiff jury trial.
November 7, 1973 judgment on rule signed, forming the basis of this appeal.
The first issue before us is whether the request for jury trial was timely filed. It is to be noted that the document containing the request is the supplemental and amended petition filed the next day after the original petition was filed. However, an order fixing the amount of bond for the jury trial was not obtained or filed until over a year later, September, 1973, after the matter had already been placed on the non-jury docket by defendant and trial had been set. It has been clearly decided in the case of Guilbeau v. Mires, 262 La. 596, 263 So.2d 903 (1972) that the only requirement in C.C.P. Art. 1732 for obtaining jury trial is a written request within the statutory delay, and that allegations in a petition that the petitioner desires trial by jury satisfies the requirements of demand for a jury trial. The court points out that C.C.P. Article 1732 does not contain any requirement that there be a court order granting a jury trial insofar as the timeliness of the demand under that article.
Additionally, we point out that C.C.P. Art. 1732 permits a party to demand jury trial in a pleading filed not later than *474 ten days after the service of the last pleading directed to the issue. The last such pleading was the answer to reconventional demand filed September 4, 1973. Thus, the jury order of September 12, 1973 was timely filed. The appellant has timely made his demand for jury trial unless the intervening procedural steps show waiver or other legal circumstances which have caused loss of his right. See for example Latino v. Rush, 300 So.2d 659 (La.App.4th Cir. 1974), wherein we held that an intervening motion to set for trial by the party who had originally requested jury trial, but had failed to post bond within the time fixed, constituted a waiver of jury trial.
We first address ourselves to the question of whether there is a waiver in fact. Appellee points to the long delay between the request for jury trial, and the order for jury bond, and argues that during this period the matter of a jury trial was discussed and settled at the pre-trial conference in February, 1973. Appellant argues to us that he waived nothing; that the long delay between prayer and bond order was caused by inadvertence; that he should be excused because the delay was caused by neglect of the Clerk of Court, the trial judge, or some of appellant's perhaps unskilled employees, in not insuring that the order was filed and signed at the same time as the supplemental petition. We are completely unimpressed with appellant's argument, except perhaps with his last premise of unskilled employees, apparently borne out by the record. The record shows no reason whatsoever for the delay in presentation of the order to the judge except that none was filed in the record. The record additionally indicates that the supplemental petition was served without any order attached. We conclude that counsel simply failed to file an order until his belated recognition of its necessity over a year later.
On the other hand, we cannot agree with appellee's argument of waiver at pretrial conference. There is no pretrial order rendered or any other document in the record which would indicate to us one way or another what was discussed and decided at the pretrial conference. C.C.P. Article 1551. As a matter of fact, the record does not contain any mention of what transpired during the hearing on the motion that is presently before us on appeal. We have considered the possibility of remanding this matter to complete the record, if it is indeed incomplete, but we believe we have enough before us on the face of the record to decide the matter. On the record as it stands, we do not find waiver in fact.
We now consider the pleadings to determine if there is a legal waiver or procedural circumstance which may bar jury trial. We are referred to the case of Latino v. Rush, supra, reaching one result, and the cases of Barberito v. Green, 275 So.2d 407 (La.S.Ct.1973) and Jenkins v. Prager, Inc., 299 So.2d 561 (La.App.4th Cir. 1974), reaching the other. Examining the record, we note that, at the time of the motion of defendant-appellee to set the matter on the non-jury docket and the subsequent fixing of the trial dates by the Court, there was no answer filed in the record to the defendant's reconventional demand. C.C.P. Article 1571 prohibits the assignment of ordinary proceedings for trial except after answer filed. Thus the defendant in filing his motion to set the matter down for trial was premature and the trial judge's action in granting a specific trial date is of no effect. Jackson v. Hannie, 225 So.2d 385 (La.App.3rd Cir. 1969). The improper setting of the case for non-jury trial by one party cannot act as a bar to a timely request by the other party for jury trial within 10 days of answer filed, the permissible period under C. C.P. Art. 1732.
Additionally, since the non-jury trial date was improperly set, we do not have to consider here the problem of disruption of the orderly process of court occasioned by *475 last minute filing of request for jury trial considered in the cases of Scott v. Hardware Mutual Insurance, 207 So.2d 817 (La.App.1st Cir. 1968) and Cornish v. American Insurance Company, 238 So.2d 765 (La.App.1st Cir. 1970).
We next address ourselves to the issues of the requirements of posting the jury bond and jury fee. The pertinent statute controlling jury costs in the Parish of Orleans is R.S. 13:3105. We note that that section was amended in 1968 and again in 1973. The original pleadings were filed when the 1968 amendment was effective and the jury order was signed after the 1973 amendment was effective. Since the only difference between[1] the two amendments was to increase the compensation of jurors and the amount of the deposit required, and since the amount deposited was $16.00 as required under the 1973 amendment, we have no problem in determination of the amount. As we interpret R.S. 13:3105, the jury deposit and the jury bond are not required to be furnished prior to the time fixed for so doing by the court. Our attention is directed to the case of Campbell v. Bogalusa Country Club, Inc., 246 So.2d 277 (La.App.1st Cir. 1971) to the effect that the jury deposit must be made at the time of the application. However that case was concerned with the interpretation of R.S. 13:3050 providing for jury trials in Parishes other than Orleans, which has itself been amended in 1972. See Becker v. Allstate Insurance Co., 307 So.2d 101 (La.S.Ct.1975). In the case at bar, the jury order required that the bond be filed on or before the 30th day of September, 1973 and it was filed on September 26th. No time was set for the filing of the $16.00 deposit, but it was deposited on September 12, 1973, the date of securing the jury order. We find compliance with R.S. 13:3105.
This brings us to the last issue before us, that is the validity of the bond furnished. Quite frankly, we cannot imagine a bond more beset with infirmities. We list the following, not necessarily in the order of importance. The bond refers to an order by Judge Levy rather than an order by Judge Garofalo and the date of the order is blank. In that same paragraph one other blank is not filled in and another blank is incorrectly filled in. The bond, on the date filed, was apparently not signed by the principal, nor were the affidavits of principal and surety executed in accordance with C.C.P. Article 5122, or it is conceded in argument. Thereafter on September 28 the missing signatures were supplied through some alleged agency or power of attorney unknown to us by a person whose initials appear to be M.G. The form is not the usual jury cost form, but the obligation is court costs payable to the clerk. We are distressed at the infirmities called to our attention in this bond, and would feel compelled to simply declare that it is no bond at all and hence that no bond was furnished in accordance with the order. However, Article 5123 of the Code of Civil Procedure sets out the method of testing the "validity" of a bond and Article 5125 mandates we comply with Article 5124 which requires a period of four days, exclusive of legal holidays from the judgment holding the original bond invalid in order that the party furnishing the bond *476 may correct any defects therein by furnishing a new or supplemental bond. The judgment appealed from did not afford such an opportunity.
With the procedural posture of the case in the condition that we have described above, we are of the opinion that at the time of the rendition of the judgment, since answer had been filed, and since the bond supplied was defective, the judgment was correct to the extent that it refused to transfer the case from the non-jury call docket to the jury docket. However, we do not agree that the judgment was correct in recalling and setting aside the order fixing the jury cost bond and the time within which it was to be filed.[2] It is our opinion that instead of recalling the bond order, the trial judge should have granted to plaintiff four judicial days in which to furnish a proper bond. In reaching this conclusion we are aided by the fact that the trial date which had been improperly set, had apparently been cancelled as a result of the hearing appealed from.
Accordingly the judgment appealed from is recast to read "It is ordered, adjudged and decreed that the plaintiffs herein, John Phillips et al, are granted four judicial days from the effective date of this order within which to furnish a new jury cost bond as provided in C.C.P. Article 5124, and upon compliance this cause is transferred to the jury docket; in default thereof it is further ordered, adjudged and decreed that this cause be fixed for trial on its merits on the non-jury docket of the court and the request for the transfer to the jury docket of the court be and the same is hereby denied." The assessment of costs to await the final outcome of this case.
Judgment recast.
NOTES
[1] As amended by Act 68 of 1973 the second sentence in Section A reads as follows:

"The party paying for the jury shall deposit with the clerk of the civil district court the sum of sixteen dollars as jury costs and shall give bond in favor of the said clerk for such amount as may be determined by the judge presiding over the division of the civil district court to which the case has been allotted for trial, to cover the additional cost and compensation to be paid to the jury."
We note that Act 540 of 1968 states: "* * * The party praying . . ."It would appear that the omission of the letter "r" from the word "praying" is simply a typographical error, otherwise the sentence would be inappropriate. The ultimate party "paying" is the party finally cast for costs.
[2] We note at this time that the jury order was not signed "by the judge presiding over the division of the civil district court, to which the case has been allotted for trial," but by another judge who apparently was presiding over that division by virtue of the summer schedule of court. Without evidence to the contrary, we could not void the bond order on this count.