JjMAX N. TOBIAS, JR., Judge.
We grant the applications for supervisory writs filed by Dr. Thomas B. Ryan (“Ryan”) and Professional Liability Insurance Company of America (“PLICA”) in application number 2004-C-2205, and Tenet Healthsystem Memorial Medical Center, Inc. d/b/a Memorial Medical Center-Baptist Campus (“Tenet”) in application number 2005-C-0001 (hereinafter collectively, “the relators”) to consider whether the trial court erred in refusing to strike the jury demand of the plaintiffs. For the following reasons, we decline to grant the relators the relief requested.
The record before us discloses the following procedural and factual history.
The plaintiffs’ suit was filed in calendar year 2000. and allotted to Division “K” of the Civil District Court; the precise date of the suit’s filing cannot be determined from the limited record before us. On 10 October' 2001, plaintiffs’ counsel signed and filed a motion to set for trial on the merits. By order dated 17 October 2001 signed by “Jean Mouton [,] JUDGE” with certification that a copy of the order had been sent to each attorney signed by “Jean Mouton [,] Minute RClerk”,[1] the trial court set a merits trial for 19 February 2002 and issued a “Jury Trial Order Required by La. C.C.P. 1734”.[2] The jury order, which bears only a stamped signature, “(Sgd.) Louis A DiRosa Judge Pro Tempore”,[3] stated in pertinent part as follows:
Demand for trial by Jury having been made herein, the Court hereby fixes bond required of the party desiring trial by jury in the amount of ten dollars ($10.00), which shall be posted not later than thirty days prior to trial of this matter which is set for February 19[,] 2002[J
In addition to the bond set herein, the party desiring trial by jury must deposit with the Clerk of this Court the sum of one hundred ninety-two dollars ($192.00) *153 for each day of trial and an additional sixteen [dollars] ($16.00) for each day for any alternate juror, said deposit to be made on or before the date of trial, prior to commencement of the trial. [Emphasis in original.]
(We note that no copy of the jury order bears a certification that it is a true copy of an original order bearing the original signature of Judge DiRosa. We conclude therefrom that Judge DiRosa never signed a copy of the original jury order.)
The trial date of 19 February 2002 was continued without date by order signed by Judge DiRosa on 4 February 2002. It is unclear from the record before |3us the reason that the trial date was continued. Nevertheless, another trial order was signed on 15 January 2004 setting the merits trial for 6 December 2004 and a new jury order was signed on 20 January 2004. The new jury order was substantially identical to the jury order of 17 October 2001, except that the dollar amounts of $192.00 and $16.00 of the 17 October 2001 order were replaced with new dollar amounts of $300.00 and $25.00, respectively. The new jury order, physically signed by Judge Piper Griffin, further stated in pertinent part: “any Jury Order previously issued in this proceeding which may conflict with requirements be, and the same is hereby recalled and set aside.”
On 14 October 2004, the plaintiffs filed their jury bond in the amount of the ordered sum of $10.00. They did not pay the $300.00 required by the order of 20 January 2004 for the order requiring the amount to be paid only required that it be paid or posted prior to the commencement of trial.[4] On 17 November 2004, Tenet filed a motion to strike the jury asserting that the jury costs had not been timely paid following the 17 October 2001 order by the plaintiffs as required by La. C.C.P. art. 1734.1.[5] On or about 22 November 2004, Ryan and PLICA filed a 14motion to strike the jury. Both motions were set for hearing on 3 December 2004. Ryan and PLICA contended that the plaintiffs’ fail *154 ure to timely post the jury bond pursuant to the 17 October 2001 order precluded them from now being entitled to a jury trial. They further contended the trial court’s 20 January 2004 jury order again allowing the plaintiffs to post the jury bond was a nullity, citing among other cases, Littleton v. Wal-Mart Stores, Inc., 99-390 (La.App. 3 Cir. 12/1/99), 747 So.2d 701. Tenet’s arguments are substantially identical.
The trial court denied the relators’ request to strike the jury by judgment signed on 8 December 2004. From that judgment, relators timely filed the present applications for supervisory writs. The trial court ultimately reset the trial date for 28 March 2005.
We find that the purported order setting the 19 February 2002 trial is invalid because a judge did not sign it. Jean Mouton, the signatory, could sign an order notifying the parties that a merits trial had been set for a specific date in her capacity as a deputy clerk of court. However, Ms. Mouton signed the order in the capacity of “judge;” she was not a judge of the Civil District Court in any manner. She improperly certified that she issued the order as judge.[6] The jury order setting |ñthe amount of the bond for the jury requires an actual signature of a judge. La. C.C.P. art. 1734A (“the court shall fix the amount of the bond ... ”). The stamped signature of Judge DiRosa on the purported jury order of 17 October 2001, without any indication that it is a true copy of an order bearing an original signature of the judge, is invalid. In this light, we find that neither the order setting the merits trial nor the jury order, both of 17 October 2001, have any force or effect. Thus, the only procedurally proper jury order setting the bond for the jury trial and ordering the cash deposit of the expenses of the jurors is that of 20 January 2004. Accordingly, the plaintiffs’ posting of the bond on 14 October 2004 was timely, being more than 30 days prior to 6 December 2004, and the plaintiffs are entitled to the jury trial, provided they make the cash deposit of $300.00 prior to the commencement of trial.
Additionally, we further find that the literal language of the 20 January 2004 jury order, as quoted above, vacated nunc pro tunc the jury order of 17 October 2001 to the extent the latter was valid.[7]
We find nothing in Littleton v. Wal-Mart Stores, Inc., supra, that conflicts with our conclusion herein because we find that neither order of 17 October 2001 had validity. The orders of 15 January 2004 and 20 January 2004 were the first | fiorders issued by the trial court that had validity setting the trial date and ordering *155 the posting of a bond for the jury and setting the amount of the bond.[8]
For these reasons, among others, we find no evidence in the record before us that the trial court erred in refusing to strike the plaintiffs’ request for a jury trial. We find further that the plaintiffs timely posted the bond required by the 20 January 2004 jury order.
SUPERVISORY WRIT GRANTED; RELIEF DENIED.

. We take judicial notice of the fact that Jean Mouton was not a judge. We take further judicial notice that Jean Mouton could not be both judge and minute clerk.

. La. C.C.P. art. 1734 states:
A. Except as otherwise provided by R.S. 13:3105 et seq., when the case has been set for trial, the court shall fix the amount of the bond to cover all costs related to the trial by jury and shall fix the time for filing the bond, which shall be no later than thirty days prior to trial. Notice of the fixing of the bond shall be served on all parties. If the bond is not filed timely, any other party shall have an additional ten days to file the bond.
B. When the bond has been filed, the clerk of court shall order the jury commission to draw a sufficient number of jurors to try and determine the cause, such drawing to be made in accordance with R.S. 13:3044.

.We take judicial notice that retired Judge Louis A. DiRosa was assigned as a judge pro tempore to the Civil District Court to preside over the docket of Division "K” while the elected judge of Division "K" presided over a lengthy trial of another matter.

. The jury bond is governed by La. C.C.P. art. 1734; the cash deposit is governed by La. C.C.P. art. 1734.1.

. La. C.C.P. art. 1734.1 states:
A.When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a-deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which shall be no later than thirty days prior to trial. The deposit shall include sufficient funds for payment of all costs associated with a jury trial, including juror fees and expenses and charges of the jury commission, clerk of court, and sheriff. The required deposit shall not exceed three hundred dollars per day for each day the court estimates the trial will last. Notice of the fixing of the deposit shall be served on all parties. If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit.’ Failure to post the cash deposit shall constitute a waiver of a trial by jury. However, no cash deposit shall be required of an applicant for a jury trial under the provisions of this Article if waived or an order is rendered, pursuant to Chapter 5 of Title I of .Book IX of the Code of Civil Procedure, permitting the applicant to litigate or continue to litigate without payment of costs in advance or furnishing security therefor.
B. The clerk of court may disburse funds from the cash deposit for payment of all or a part of the jury costs as such costs accrue. The clerk shall keep a record of funds disbursed by him from the cash deposit.
C. The court may require an additional amount to be filed during the trial if the original, amount of the cash deposit is insufficient to pay jury costs.
D. The funds disbursed from the cash • deposit for payment of jury costs shall be assessed as costs of court.
E. After payment of all jury costs, any unexpended amounts remaining in the cash deposit shall be refunded by the clerk of court to the party filing the cash deposit.

. A deputy clerk of court, of which a minute clerk is one (La. R.S. 13:1211; La. C.C.P. art. 255), can certify true copies of court documents and issue a notice of trial. (A judge can in certain circumstances certify true copies of documents. La. C.C.P. art. 25IB.) A deputy clerk of court or minute clerk does not have the statutory authority to issue the jury order for the bond or for the making of the cash deposit in lieu of a bond required by La. C.C.P. arts. 1734 and/or 1734.1.

. If relators believed that the 17 October 2001 order had any efficacy, then their objection to the 20 January 2004 order could have been contested promptly after the order was issued. Relators had available to them the option to seek supervisory review of the 20 January 2004 jury order within 30 days of the order as mandated by Rule 4-3 of the Uniform Rules of the Louisiana Courts of Appeal. Further, we do not find that Broussard v. Wal-Mart Stores, Inc., 96-513 (La.App. 3 Cir. 11/6/96), 682 So.2d 894; Phillips v. Schmidt, 311 So.2d 471 (La.App. 4 Cir.1975), or Littleton v. Wal-Mart Stores, Inc., supra, requires a different result.

. We do not find that a jury trial at this point, assuming that the plaintiffs were not entitled to one because they filed their bond untimely, would cause irreparable injury. If a jury heard the case and rendered a verdict, but should not have done so, a trial judge could still render a judgment as if a bench trial had been had based upon the same evidence. No full retrial would be warranted.