ROBERT A. CHAISSON, Judge.
|?This is an appeal by Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, defendant-appellant, from a judgment ordering him to return to Coe M. Best, Jr., plaintiff-appel-lee, $15,512.58 in ad valorem taxes allegedly paid in error. During the pendency of this appeal, Mr. Coe M. Best, Jr. died.[1] For the following reasons, we vacate the judgment and remand the matter to the district court for further proceedings.
On March 15, 2010, Coe M. Best, Jr. filed a “Suit for Refund of Ad Valorem Taxes Paid,” naming as defendants Newell D. Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, and Duke P. McConnell, Finance Director and Tax Collector for the City of Kenner. The allegations of the petition are that Mr. Best paid delinquent ad valorem taxes on several properties in Jefferson Parish, and after three years confirmed and quieted his title to these | .¡properties. A subsequent title search of the properties disclosed that they had been expropriated by the United States Government and deeded to the City of New Orleans for use in conjunction with its airport in 1952. Mr. Best contends that because he paid taxes on properties that were exempt from taxation, and the ownership of which he could not acquire, he is entitled to a refund of these sums. On January 12, 2011, Mr. Best amended his petition to name as additional defendants Lawrence Chehardy, Assessor of Jefferson Parish, the Louisiana Tax Commission, and the New Orleans Aviation Board.
The record indicates that Sheriff Normand was served with the suit, but did not file an answer or other response thereto. After a number of preliminary activities involving the other parties, Mr. Best filed a Motion and Rule to Show Cause why Sheriff Normand should not be ordered to refund the taxes allegedly improperly paid. A hearing on the rule was set for July 19, 2011, and Sheriff Normand was served with a notice of the hearing. However, for reasons not appearing of record, the hearing on the rule was held on August 4, 2011, and no notice to the sheriff of this latter date appears in the record. On the day after this hearing, at which the sheriff did not appear, judgment was rendered in favor of Mr. Best and against Sheriff Normand in the amount of $15,512.58. This appeal followed.
The Louisiana Code of Civil Procedure provides for three different modes of procedure in civil matters in the trial courts: ordinary, summary, and executory proceedings. La. C.C.P. Art. 851. Ordinary proceedings are to be used in the district courts in all cases, except as otherwise provided by law. Id. Article 2592 provides an exclusive list of those matters which may be tried or otherwise disposed of by means of summary proceedings. A “Suit for Refund of Ad |4Valorem Taxes Paid” is not one of the enumerated matters that may be tried by summary proceedings, and therefore this matter must be resolved by use of ordinary proceedings. Mr. Best cites no legal authority whereby a judgment against a party who has not yet answered a suit in an ordinary proceeding may be rendered on a rule to *1004 show cause, and we know of none. Article 1571 A(2) of the Code of Civil Procedure specifically prohibits the assignment of ordinary proceedings for trial except after an answer has been filed, and any judgment rendered in contravention of that article is null and void. Brennan v. Shell Offshore, Inc., 602 So.2d 97 (La.App. 4th Cir.1992). Moreover, Louisiana Code of Civil Procedure Articles 1701-1704 provide the proper procedural device to obtain judgments against parties who have not answered timely. Those procedures require that a preliminary default must be entered before a default judgment may be confirmed, and a judgment entered without a preliminary default having been taken is an absolute nullity. Clark v. Clark, 2003-0353 (La.App. 3 Cir. 10/1/03), 856 So.2d 206. The record here shows that none of the above default procedures were complied with. Even if we were to construe the judgment as a default judgment, it would still be null for failure to initially obtain a preliminary default. In this circumstance, the judgment is an absolute nullity and must be set aside.
For the foregoing reasons, the judgment against Newell Normand, Sheriff and Ex-Officio Tax Collector for Jefferson Parish, and in favor of Coe M. Best, Jr., in the amount of $15,512.58, is hereby vacated. The matter is hereby remanded to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED

. Counsel for Appellee has been instructed by this Court to file an appropriate Motion to Substitute.