STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0952

ROBIN ALLEN

VERSUS

FIRST CASTLE FEDERAL CREDIT UNION

*Judgment Rendered:* SEP 0 2 2020

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2017-11122

The Honorable Martin E. Coady, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Charles E. Brumfield, Jr.<br>Hammond, Louisiana | Counsel for Plaintiff/Appellant<br>Robin Allen |
| Stephen T. Perkins<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>First Castle Federal Credit Union |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

Robin Allen appeals a trial court judgment in favor of First Castle Federal Credit Union on its reconventional demand and dismissing the claims of her petition without prejudice. For the reasons set forth herein, we vacate the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Robin Allen purchased and financed a vehicle from First Castle Federal Credit Union ("First Castle") on May 19, 2015. In March 2017, Allen, represented by attorney Christine Y. Voelkel, filed a petition for damages against First Castle, alleging that the vehicle was defective and seeking rescission of the sale or, alternatively, reduction of the purchase price, as well as other relief. At the time of filing the petition, Allen alleged that the balance of the loan from First Castle for the purchase of the vehicle was $18,594.57.

First Castle answered Allen's petition for damages on April 21, 2017, and along with its answer, First Castle filed exceptions raising the objections of no cause of action and prescription and a reconventional demand for the $18,594.57 outstanding on the loan. On August 28, 2017, First Castle propounded its first set of discovery requests on Allen, through her attorney of record, Voelkel. The discovery requests, which were sent by U.S. mail to Voelkel's address of record, were later returned to First Castle as undeliverable.[1] First Castle then sought to obtain a valid means of delivering the discovery requests to Voelkel through the Louisiana State Bar Association, the Clerk of Court of the 22nd Judicial District Court, and other "publicly available sources of information." On September 5, 2017, First Castle sent a letter to Voelkel at an address it identified from "publicly available information," informing her that discovery requests sent to her address of record had been returned as undeliverable, that the Clerk of Court had no other address for her,

---

[1] Voelkel listed her address in the petition for damages as an office suite on Lakeshore Drive in Mandeville.

that her address is listed as "private" on the Louisiana State Bar Association's website, and that it was re-sending the discovery requests to the only other address it could find for her.[2] First Castle further requested that Voelkel provide it with a valid business address if and when she received the letter.

On November 27, 2017, First Castle sent a letter to Voelkel by U.S. mail to her address of record (the Lakeshore Drive address listed on the original petition) and to the additional address previously identified by First Castle (the Marigny Avenue address), as well as by email to an email address listed by Voelkel on the original petition filed in this matter. This letter requested a Rule 10.1 telephone conference on December 4, 2017, regarding the unanswered discovery.[3]

On December 27, 2017, First Castle filed a "Motion for Leave to File Amended, Supplemental, and Restated Reconventional Demand," in which it sought to amend its reconventional demand to seek full repayment of the loan, alleging that Allen had not made any additional payments on the loan since her petition was filed, despite retaining possession of the automobile purchased through the loan. In this motion, First Castle pointed out that Allen would not be prejudiced by the filing of the amended, supplemental, and restated reconventional demand, since Allen had not yet filed an answer to the April 21, 2017 reconventional demand. In fact, according to First Castle, it had been unable to effect service of its original reconventional demand on Allen's attorney, Voelkel, who "has also not responded to all other efforts at contact by First Castle." First Castle also filed a motion to compel, alleging that it had received no response to its August 28, 2017 discovery requests. First Castle's motions were set for hearing on March 21, 2018.

---

[2] The address First Castle discovered through its search of "publicly available sources of information" was on Marigny Avenue in Mandeville.

[3] Louisiana District Court Rules Rule 10.1(a) provides that before filing a motion to compel discovery, the moving attorney shall confer in person or by telephone with opposing counsel for the purpose of amicably resolving the discovery dispute.

On February 5, 2018, First Castle filed a motion to appoint a private process server, alleging that it had been unable to effect service of its reconventional demand, discovery requests, motion to compel, and motion for leave to file an amended, supplemental, and restated reconventional demand on Voelkel. According to First Castle, the St. Tammany Parish Sheriff's Office had been unable to effect service on Voelkel, all correspondence and written discovery sent by U.S. mail had been returned as undeliverable, and all correspondence and written discovery sent by email had been unanswered. A private process server was appointed by the court, but was also unable to effect service on Voelkel.

On March 23, 2018, First Castle filed a motion to disqualify Voelkel as plaintiff's counsel, to reschedule the hearing on its motions to a later date, since it had not been able to serve Voelkel, and to appoint a special process server to serve Allen personally. A private process server was appointed by the court, and on March 27, 2018, Allen was served personally with First Castle's motion for leave to file an amended, supplemental, and restated reconventional demand; motion to compel; motion to disqualify, continue the hearing, and appoint a special process server; and rule to show cause setting the hearing on the above motions for April 4, 2018.

On April 3, 2018, the day before the scheduled hearing on First Castle's motions, Voelkel allegedly contacted counsel for First Castle, promising to send discovery responses, consenting to First Castle's request to file an amended, supplemental, and restated reconventional demand, and requesting that the hearing scheduled for the next day not go forward. Counsel for First Castle forwarded a proposed consent judgment to Voelkel via email for signature. The proposed consent judgment granted the motion to compel and ordered Allen to provide full and complete discovery responses within twenty-one days after entry of the consent judgment; granted the motion for leave and directed the Clerk of Court to file First Castle's amended, supplemental, and restated reconventional demand; and withdrew

First Castle's motion to disqualify Voelkel as plaintiff's counsel. First Castle's April 3, 2018 email to Voelkel accompanying the proposed consent judgment stated, "In light of counsel's agreement, we have taken our motions off tomorrow's hearing docket with the court." Despite Voelkel's assertions via email on April 4, 2018 and April 17, 2018, that she didn't "see any problems with the proposed consent" and would send counsel for First Castle a signed copy thereof, and that she would "timely complete and forward [the discovery responses] in line with the consent," Voelkel neither signed the consent judgment, nor answered the discovery, and she did not respond to any further emails from counsel for First Castle after April 17, 2018. Ultimately, on May 18, 2018, counsel for First Castle sent an email to Voelkel, informing her that if the signed consent judgment was not received by May 22, 2018, the prior motions would be reset for hearing. Having received no further response from Voelkel, on June 11, 2018, First Castle filed a motion to reset its motions for hearing, and requested that email service of the motion on Voelkel be deemed sufficient service on Allen, since Voelkel had provided no other means of contact.

A hearing was held on First Castle's motions on June 20, 2018. Voelkel was present for the hearing, and had apparently forwarded some discovery responses to First Castle on the night before and morning of the hearing, but counsel for First Castle had been unable to review them prior to the start of the hearing in order to determine if the responses were sufficient to fully satisfy the requests. After a discussion between counsel and the trial court, which took place off the record at Voelkel's request, the trial court granted First Castle's motion to compel and ordered Allen to file full and complete responses to First Castle's discovery requests within twenty-one days of the hearing; granted First Castle's motion for leave to file its amended, supplemental, and restated reconventional demand; ordered that First Castle's motion to disqualify be deemed withdrawn without prejudice; ordered Voelkel (individually) to reimburse First Castle $1,851.00 in costs incurred for its

5

motions; ordered the parties to confer and submit a proposed scheduling order providing for the expeditious completion of discovery and other pretrial matters within twenty-one days of the hearing; and set the matter for a status conference on August 29, 2018, at which time a trial date would be set. A judgment to this effect was signed by the trial court on July 11, 2018, and service of notice of the judgment was made by U.S. mail to Voelkel at a new address (a Mandeville Post Office Box).[4]

It is unclear from the record whether the status conference took place on August 29, 2018 as ordered; however, on November 9, 2018, counsel for First Castle filed a motion to set the matter for a bench trial on the merits, certifying that "an examination of this record shows that issue has been joined between all original plaintiffs and original defendants, and with all intervenors, and between all third party plaintiffs and defendants, and that all exceptions, motions for summary judgment and other preliminary matters have been disposed of, **ALL DISCOVERY HAS BEEN COMPLETED** and **that the case is now ready for trial on the merits.**" Thereafter, the matter was set for a bench trial on the merits on January 31, 2019. The trial court sent a notice of the trial date to Voelkel, along with the trial court's pretrial order, by U.S. mail to the Mandeville Post Office Box. This notice, postmarked November 30, 2018, was eventually returned as undeliverable on February 11, 2019, stamped "BOX CLOSED, UNABLE TO FORWARD, RETURN TO SENDER."

First Castle attempted to take the depositions of Allen and her mother on December 6, 2018. Allen and her mother appeared for their depositions in

---

[4] The record does not reflect when or how this new address for Voelkel was provided to the trial court, but following this hearing and off-the-record conversation between the trial court and Voelkel, court notices for Voelkel were mailed by the Clerk of Court to this address.

compliance with subpoenas; however, Voelkel did not appear at the scheduled depositions, and as a result, the depositions did not take place.[5]

On January 24, 2019, First Castle fax-filed its proposed pretrial order, in compliance with the trial court's November 29, 2018 order. Therein, First Castle noted that it had been unable to contact Voelkel since September 2018. Although First Castle's proposed pretrial order identified Voelkel's mailing address as the Lakeshore Drive address, the certificate of service indicates that service was made on Voelkel by email or fax. Voelkel did not file a proposed pretrial order.

On January 25, 2019, First Castle fax-filed an ex parte motion for a preliminary default on its reconventional demand, alleging that Voelkel was served with a copy of its amended, supplemental, and restated reconventional demand at the June 20, 2018 hearing, but no answer had been filed. The written motion for preliminary default was presented by the Clerk to the trial court at the January 31, 2019 bench trial, and the trial court ordered entry of the preliminary default at that time.[6]

Neither Voelkel nor Allen appeared on January 31, 2019 for the bench trial.[7] After conferring with counsel for First Castle off the record, the trial court noted that

---

[5] First Castle notes that a trial subpoena previously issued for Allen was returned unserved, with an indication that Allen was living and working in South Dakota. According to First Castle, when Allen and her mother appeared for their scheduled depositions on December 6, 2018, Allen denied having any knowledge that the matter had been scheduled for a bench trial on January 31, 2019. Although First Castle argues in its appellate brief that Allen was given notice of the January 31, 2019 bench trial date on December 6 when she appeared for her deposition, no evidence of any such notice was filed in the trial court record. While this matter was pending on appeal, First Castle filed a motion to supplement the appellate record with proof of notice to Allen of the January 31, 2019 bench trial date. However, since this evidence was not presented at the trial of the matter, we denied First Castle's motion to supplement. See *Williams Law Firm v. Board of Supervisors of Louisiana State University*, 03-0079, pp. 4-5 (La.App. 1 Cir. 4/2/04), 878 So.2d 557, 562 (this court cannot consider evidence that was not part of the record made in the trial court in this suit, and it is inappropriate to order the trial record supplemented with a document that was never offered, introduced, or admitted into evidence).

[6] The trial court order set the confirmation hearing for January 31, 2018, which was obviously a typographical error, since the order was signed on January 31, 2019.

[7] First Castle alleges in its brief that Allen's mother and an attorney who was considering enrolling on Allen's behalf were present in court on the date of trial, but acknowledges that they did not make a formal appearance on the record.

7

although Allen "has been noticed for this trial," neither she nor Voelkel were present. Pursuant to First Castle's motion, the trial court dismissed Allen's claims without prejudice in accordance with La. C.C.P. art. 1672(A)(1).[8] Thereafter, the trial court proceeded with the trial of First Castle's reconventional demand. Following testimony and evidence presented by First Castle, the trial court rendered judgment on the reconventional demand in favor of First Castle and against Allen in the amount of $18,594.57. The trial court also awarded First Castle $1,700.95 in attorney fees and costs from Voelkel personally, due to her failure to appear for the December 6, 2018 scheduled depositions. A final judgment to this effect was signed on February 11, 2019. The notice of judgment was sent by certified mail to Voelkel at the Mandeville Post Office Box,[9] as well as to Allen personally at an address on United Church Road in Covington.

Allen appealed through newly-hired counsel, noting that Voelkel had been suspended from the practice of law. On appeal, Allen argues that the trial court erred in dismissing Allen's claims, where her absence from the scheduled bench trial was due to her counsel's dereliction and neglect, rather than her own willfulness, bad faith, or fault. Allen also argues that the trial court abused its discretion in proceeding with the merits of the reconventional demand, without requiring direct service or notice to Allen.

---

[8] Louisiana Code of Civil Procedure article 1672(A)(1) provides that a judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.

[9]Although the notice of trial sent to this Post Office Box was returned as undeliverable due to the Post Office Box being closed, the St. Tammany Parish Clerk of Court's date stamp indicates receipt of the returned mail on February 11, 2019, the same date this trial court judgment was signed. Thus, it is unclear whether the court or counsel for First Castle were aware of any problem with the Mandeville Post Office Box.

## DISCUSSION

Although not raised by Allen on appeal, it appears that this matter was set for trial prematurely, since no answer had been filed, in contravention of La. C.C.P. art. 1571. Article 1571, which governs the procedure for assigning cases for trial, provides in pertinent part:

> A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
>
> (a) Require adequate notice of trial to all parties; and
>
> (b) Prescribe the order of preference in accordance with law.
>
> (2) *These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.*
> [Emphasis added.]

The jurisprudence has held that the requirements of Article 1571 are mandatory, and that any judgment entered, which is not in compliance with the provision of Article 1571 prohibiting the assignment of ordinary proceedings for trial before an answer is filed, is null and void and must be set aside. *James v. Maison Orleans II, Inc.*, 04-1132, pp. 7-9 (La.App. 4 Cir. 5/11/05), 913 So.2d 115, 119–20, *opinion amended on reh'g* (July 27, 2005), *writ denied*, 05-2232 (La. 12/9/05), 916 So.2d 1069, and *writ denied,* 05-2243 (La. 12/9/05), 916 So.2d 1069 (judgment dismissing intervenor's petition after he failed to appear for trial, along with all other judgments rendered by the trial court after the trial, must be reversed and vacated where matter was set for trial prior to filing of answer); *Bouton v. City of Abbeville*, 458 So.2d 1042, 1042-43 (La.App. 3 Cir. 1984) (court reversed and set aside judgment dismissing plaintiff's petition after he failed to appear on the date of trial, where trial date was set on defendant's motion prior to answer being filed, even though suit was filed six years before motion to set for trial and the matter was stagnant); *Deville v. Gaudet*, 361 So.2d 980, 981-82 (La.App. 3 Cir. 1978) (where issues of reconventional demand, which was filed as an ordinary proceeding, were

9

tried along with a pending summary proceeding, without an answer to the reconventional demand being filed or an order combining the issues of the ordinary proceeding with the summary proceeding obtained, judgment rendered as to the issues of the ordinary proceeding was null and void and must be set aside); *Phillips v. Schmidt*, 311 So.2d 471, 474 (La.App. 4 Cir. 1975) (at the time of the defendant's motion to set the matter for non-jury trial and the subsequent fixing of the trial dates by the court, there was no answer filed to the defendant's reconventional demand; Article 1571 prohibits the assignment of ordinary proceedings for trial except after answer filed, thus the defendant's motion to set the matter for trial was premature and the trial judge's action in granting a specific trial date is of no effect); and *Jackson v. Hannie*, 225 So.2d 385, 387-88 (La.App. 3 Cir. 1969) (requirements of Article 1571 are mandatory, and judgment is null and void where an ordinary proceeding is tried before an answer is filed).

Several exceptions have been recognized to the rule that any judgment rendered in an ordinary proceeding set for trial before an answer has been filed is null and void and must be set aside. In *Chamberlain v. State Through Dep't of Transp. & Dev.*, 91-1942, (La.App. 1 Cir.), 621 So.2d 1118, *writ granted*, 615 So.2d 333 (La. 1993), and *writ denied*, 615 So.2d 334 (La. 1993), and *rev'd on other grounds*, 624 So.2d 874 (La. 1993), this court found a judgment to be valid where an answer was filed prior to trial, even though the matter was set for trial prior to an answer being filed, in violation of Article 1571. In *Chamberlain*, the defendant filed a motion for continuance in the trial court on the grounds that the trial date had been set before an answer had been filed. The defendant alleged that it had not filed an answer because its exception raising the objection of vagueness was still pending. However, following the plaintiffs' filing of a supplemental petition, which defendant admitted cured its vagueness objection, defendant still did not file an answer, insisting that it was entitled to upset the previously-set trial date based on the

mandatory provisions of Article 1571. Defendant argued that any judgment rendered following such a trial would be null and void. The trial court denied the defendant's motion for continuance, and the defendant filed a writ application with this court. Although this court agreed that if the trial was held before the defendant answered, any judgment rendered would be null and void, it did not agree that the defendant was necessarily entitled to a continuance. This court ordered the defendant to file an answer to the plaintiffs' supplemental petition, which it did, and the matter proceeded to trial as previously scheduled. The defendant then appealed the trial court judgment, seeking to have it set aside as null and void on the grounds that the matter had been set for trial before its answer was filed. This court, while noting that its earlier ruling on the impact of Article 1571 on the proceedings is the law of the case, stated that it found no error in its ruling on the writ application and held that because the defendant answered the supplemental petition before the trial was held, Article 1571 did not require that this court vacate the judgment. *Chamberlain*, 621 So.2d at 1121-22.

A second exception exists where the default procedures found in La. C.C.P. art. 1701-1704 are utilized. In *Seneca v. Seneca*, 310 So.2d 662 (La.App. 1 Cir. 1975), this court held that a matter could properly be fixed for trial prior to the filing of an answer where a preliminary default had previously been entered against the defendant. *Seneca*, 310 So.2d at 663. Articles 1701-1704 provide the proper procedural device to obtain judgments against parties who have not answered timely. These default procedures require that a preliminary default must be entered before a default judgment may be confirmed. *Best v. Normand*, 11-1049 (La. App. 5 Cir. 9/25/12), 101 So.3d 1002, 1004.

Finally, an exception has been recognized where there has been a waiver of the Article 1571 irregularity. In *Shepherd v. Schedler*, 15-1750 (La. 1/27/16), 209 So.3d 752, *on reh'g* (May 2, 2016), the Louisiana Supreme Court held that when a

11

defendant proceeds to trial without objection even though he has not filed an answer, he waives his right to complain of the lack of an answer. *Shepherd*, 15-1750 at p. 3, 209 So.3d at 776-77.

None of these exceptions to the mandatory rule of Article 1571 are applicable in this case. No answer was filed prior to trial, neither Allen nor Voelkel appeared at trial or took any action which could be considered a waiver of the irregularity, and although First Castle obtained a preliminary default against Allen on the reconventional demand on the day of trial, a valid default judgment could not have been rendered against Allen on the reconventional demand on this date. Strict compliance is required with the procedural requirements of La. C.C.P. art. 1702 in order to obtain a valid confirmation of a preliminary default.[10] The confirmation of a default prior to the expiration of the statutory delays set forth in La. C.C.P. art. 1702(A) is premature, and any default judgment so rendered is invalid. *Zanders v. Davis*, 19-1057, p. 7 (La.App. 1 Cir. 2/21/20), --- So.3d ---, ---.

Finding that none of the exceptions to the mandatory provisions of Article 1571 apply, we are constrained to set aside the February 11, 2019 judgment as null and void. As such, Allen's assignments of error on appeal are moot.

### CONCLUSION

For the reasons set forth herein, the February 11, 2019 trial court judgment is vacated and this matter is remanded for further proceedings. Costs of this appeal are to be shared equally by the parties.

**VACATED AND REMANDED.**

---

[10] Article 1702(A) provides that where a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.